AUSTIN v. O'RIELLY. See Case No. 664.

# Case No. 666.

## AUSTIN v. PEASLEE.

[20 Law Rep. 443;[1] 15 Leg. Int. 12.]

Circuit Court, D. Massachusetts. Sept., 1857.

CUSTOMS DUTIES — TARIFF OF 1846 — APPRAISAL — LOSS OF WEIGHT DURING VOYAGE.

1. Under the tariff of 1846, ad valorem duties are to be paid on the quantity of goods actually imported, not on the amount put up in the foreign country.

[Cited in Weaver & Sterry v. Saltonstall, 38 Fed. 494.]

2. Where such quantity is measured by weight, a loss of weight on the voyage, whether by drainage or evaporation, will proportionally diminish the duties, notwithstanding what is lost in weight may be gained in value.

[Cited in Weaver & Sterry v. Saltonstall, 38 Fed. 494.]

At law. This was an action to recover from the collector of customs moneys alleged

[1] [Reported by S. M. Quincy, Esq.]

to have been illegally exacted for duties on a quantity of hemp imported from Manilla. It appeared that a quantity of bales were put up in Manilla, each containing two piculs, and that the picul is a Manilla weight of 140 pounds. On weighing the hemp at the custom-house, it appeared to 'have lost weight during the voyage at the rate of about ten pounds per bale; nevertheless duties were assessed on the number of piculs originally put up, at the Manilla value, although to make out this number it was necessary to rate the picul at 135 pounds. Verdict was rendered for the plaintiff, and defendant moved for a new trial.

P. W. Chandler and G. O. Shattuck, for plaintiff.

B. F. Hallett, Dist. Atty., for defendant.

CURTIS, Circuit Justice, held, that this case . could not be distinguished from the cases of Marriott v. Brune, 9 How. [50 U. S.] 619, and U. S. v. Southmayd, Id. 637, which were cases of loss of weight by sugars from drainage. The tariff act of 1846 levies a duty of 40 per cent. ad valorem on this article. To assess this duty the collector must ascertain the value of a picul in Manilla, and dividing this by 140, he will obtain its value per pound. But dividing it by 135, will not give him this value. Or if the collector preferred to assess by the picul, he could divide the number of pounds reported by the weigher by 140. Under the decisions referred to, the merchant is to pay duties on what is actually imported, not on what is put up for export in the foreign country; and if the sum on which the ad valorem duty is to be cast depends on weight, a loss of weight on the voyage will diminish that sum, whether such diminution of weight be caused by drainage or evaporation. It is argued that the evaporation of weight has not diminished the quantity. But the measure of quantity is not bulk, but weight,—the pound, or the picul; and if the number of these is diminished, the quantity is lessened. It is also argued that the value of this importation has not been diminished; that what it has lost in weight it has gained in quality. But the revenue laws do not provide for any such set-off of loss and gain. The quality of some wines is much improved by a sea voyage. But this has not prevented congress from making full allowance for breakage and leakage. Lawrence v. Caswell, 13 How. [54 U. S.] 488. The question here is not of dutiable value, but whether the collector could assess a duty on a greater number of piculs than were bonded, upon the assumption that those which were bonded would have been worth as much in Manilla as the whole number in the state in which they were put up. There is no law allowing such an assumption or making the amount to be paid dependent on an inquiry as to that fact. Motion for new trial overruled, and judgment on the verdict.

AUSTIN, (SHELTON v.) See Case No. 12,-752.

AUSTIN, (TRECOTHICK v.) See Case No. 14,164.

AUSTIN, (UNITED STATES v.) See Case No. 14,479.

AUSTIN, The, (UNITED STATES v.) See Case No. 14,480.