WEAVER & STERRY, Limited, *v.* SALTONSTALL, Collector.

*(Circuit Court, D. Massachusetts. April 29, 1889.)*

CUSTOMS DUTIES—ENTRY AND APPRAISAL.

> The duty should be assessed only on the quantity of the goods arriving in port, and not on the quantity appearing by the invoice to have been shipped. The last paragraph of Rev. St. § 2900, forbidding the assessment of duties on an amount less than the invoice value, refers only to the price, and not to the quantity.

At Law.

Action by Weaver & Sterry, Limited, against Leverett Saltonstall, collector of customs.

*C. P. Searle*, for plaintiff.

*T. H. Talbot*, Asst. U. S. Atty., for defendant.

COLT, J. Under the agreed statement of facts it appears that the plaintiff, between February and August, 1887, imported into the port of Boston, from Italy, 1,800 boxes of castile soap; that the soap, after its arrival and entry at the custom-house, was submitted to an examination by a weigher in the service of the custom-house, who reported the weight to be 70,286 pounds, whereas the invoice made at time of the shipment of the soap from Italy shows the weight at the time of exportation to have been 72,983 pounds. The plaintiff claimed that the duty should be exacted only upon the value and amount as shown by the weigher's return to have been actually imported, but the defendant exacted a duty upon the entire value and amount of soap as stated in the invoice to have been shipped, and declined to make any allowance for loss of weight due from the voyage. This suit is brought to recover the excess of duties so exacted by the collector. It seems to me that the courts have determined this question in favor of the importer. In principle, I cannot distinguish this case from *Marriott* v. *Brune*, 9 How. 619; *U. S.* v. *Southmayd*, Id. 637; *Austin* v. *Peaslee*, 20 Law Rep. 443; also reported in full in Boston Daily Advertiser, of Sept. 30, 1857. In *Marriott* v. *Brune* it was held that the true construction of the law is to assess duty only upon the quantity of sugar and molasses which arrives in port, and not upon the quantity which appears by the invoice to have been shipped. This doctrine was affirmed in *U. S.* v. *Southmayd* and in *Austin* v. *Peaslee*. The last paragraph of section 2900, Rev. St., forbidding the assessment of duties upon an amount less than the invoice value, is substantially the same as the proviso contained in section 8 of the act of 1846, (9 St. at Large, 43.) In *Marriott* v. *Brune* it is held that the decision is not inconsistent with the proviso in section 8 of the act of 1846, because the proviso refers only to the price, and not to the quantity. Such being the construction put upon the law by the supreme court and the circuit court for this circuit, the collector should have assessed duties only upon the quantity of soap which arrived in port, and not upon the quantity which appears by the invoice to have been shipped; and the plaintiff is entitled to a judgment for the excess of duties so exacted. Judgment for plaintiff.