UNITED STATES v. BACHE et al.

(Circuit Court of Appeals, Second Circuit. February 9, 1894.)

No. 51.

CUSTOMS DUTIES—CLASSIFICATION—BREAKAGE OF GLASS IN TRANSIT.

Where window glass is broken in transit, so that part of it is useless except for remanufacture, the broken part is not admissible, under paragraph 590 of the free list, as broken glass, but the whole is dutiable as window glass, unless there is an abandonment to the government, under section 23 of the act of June 10, 1890. 54 Fed. 371, reversed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Application by Semon Bache & Co. for a review of a decision of the board of general appraisers sustaining the action of the collector in the classification for duty of certain glass imported by them. The circuit court reversed the decision of the board. 54 Fed. 371. The United States appeal. Reversed.

Edward Mitchell, U. S. Atty., and James T. Van Rensselaer, Asst. U. S. Atty.

W. Wickham Smith, (Charles Curie and David Ives Mackie, on the brief,) for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. Semon Bache & Co. imported from Europe into the port of New York, both before and after October 6, 1890, sundry invoices of glass, which were purchased in a sound condition, but a portion of which suffered damage by breakage during the voyage and before arrival in this country. This appeal relates only to that part of the glass which was imported after the tariff act of October 1, 1890, went into effect.

The collector assessed duty thereon as "common window glass," under paragraph 112 of that act, in accordance with the size as stated in the invoice. Against this classification the importers protested, upon the ground that upon the voyage of importation "considerable quantities of this glass became broken into pieces which could not be cut for use, and were, at the time of their arrival in this country, fit only to be remanufactured, and were, therefore, exempt from duty by virtue" of paragraph 590 of the same act, which included in the free list "glass, broken and old glass, which cannot be cut for use, and fit only to be remanufactured."

The board of general appraisers found the following facts:

"(1) The merchandise consists of window, cylinder, and other kinds of glass, of the particular description named in the several invoices and entries, contained in cases or packages, marked and numbered as shown by the accompanying papers in the appended list of cases.

"(2) A part of said merchandise was imported under the new tariff act, and since October 6, 1890, and a part of it under the tariff act of March 3, 1883, prior to the time when the present tariff law went into effect. But all of the merchandise was imported after August 1, 1890, when the act of June 10, 1890, known as the 'Customs Administrative Act,' went into effect.

"(3) Said glass was purchased in a sound and unbroken condition in the markets of the country whence exported, and a considerable quantity of it was damaged by being broken during the voyage, and before arrival at the port of New York, in such manner as to be unfit for any other use than to be remanufactured.

"(4) The importers in each case appeared before the board of general appraisers, and offered to produce evidence showing the amount of damage done to each package or case, and this evidence was held by the board to be irrelevant, and was excluded on the ground that allowances for damage of the kind under consideration were abolished by section 23 of said act of · June 10, 1890.

"(5) There was no evidence of any offer on the part of the importers in any case to abandon any portion of the merchandise to the government, and we accordingly find there was no such offer."

The board sustained the action of the collector upon the ground that claims for the reduction of duties by reason of damage, and not total loss, which occurred in transit, were governed by section 23 of the act of June 10, 1890, commonly known as the "Customs Administrative Act," and that this section prohibits the board from taking action upon such claims. The circuit court, upon appeal, reversed the decision of the board of general appraisers.

The theory of the importers, which was sustained by the circuit court, is that those goods only are subject to duty which are imported,—that is, brought into this country; that in this case a portion of the invoiced goods had ceased to exist. As stated by the circuit court:

"This was no longer window glass, sixteen by twenty-four inches square. In its place was a quantity of broken glass. The character of the merchandise was entirely changed during the voyage. For tariff purposes, it was different merchandise. The glass schedule no longer described it. · The language of the free list covered it with perfect accuracy."

The question in the case cannot be fully presented without a statement of the statutory system, since 1799, in regard to rebates of duties on account of damage to imported merchandise in transit. Section 2927 of the Revised Statutes, which was a substantial reproduction of a section of the act of 1799, is as follows:

"In respect to articles that have been damaged during the voyage, whether subject to a duty ad valorem, or chargeable with a specific duty, either by number, weight, or measure, the appraisers shall ascertain and certify to · what rate or percentage the merchandise is damaged, and the rate of percentage of damage, so ascertained and certified, shall be deducted from the original amount, subject to a duty ad valorem, or from the actual or original number, weight, or measure, on which specific duties would have been computed.

"No allowance, however, for the damage on any merchandise, that has been entered, and on which the duties have been paid or secured to be paid, and for which a permit has been granted to the owner or consignee thereof, and which may on examining the same prove to be damaged, shall be made, unless proof to ascertain such damage shall be lodged in the custom house of the port where such merchandise has been landed, within ten days after the landing of such merchandise."

Had this section been in existence at the date of the importation, it would hardly be contended that the duty upon glass damaged during the voyage by breakage, should not be estimated in accordance with its provisions, rather than by the provision in the

free list in regard to "glass. broken," which had been in existence since 1857. The statutory system applicable to damaged merchandise in transit had been a continuous, and was a general, one, which made complete allowances for such damage, but required proof of the claims to be made and lodged within a specified time in the customhouse of the port where such merchandise was landed.

It could hardly be supposed that allowances for broken glass were not to be regulated according to the general system, which had existed for 90 years, unless specially excepted; and the provision placing upon the free list importations of broken glass, i. e. of glass invoiced as such, was not intended to create a special exception. By section 23 of the act of June 10, 1890, the following provision was made in regard to the subject of duties upon damaged goods:

"That no allowance for damage to goods, wares, and merchandise imported into the United States shall hereafter be made in the estimation and liquidation of duties thereon; but the importer thereof may, within ten days after entry, abandon to the United States all or any portion of goods, wares and merchandise included in any invoice, and be relieved from the payment of the duties on the portion so abandoned: provided, that the portion so abandoned shall amount to ten per centum or over of the total value or quantity of the invoice; and the property so abandoned shall be sold by public auction or otherwise disposed of for the account and credit of the United States under such regulations as the secretary of the treasury may prescribe."

This section prohibited allowance for damage, unless, within a specified time, the importer should abandon to the United States his damaged goods, in which event he would be relieved from payment of duties on the portion so abandoned, provided it amounted to 10 per centum or over of the total value or quantity of the invoice. This provision is also general. It prescribed the prerequisites for damage allowance, and is applicable to all articles, except those which are or may be specially excepted, as is now the case, with respect to damage upon imported wines and liquors, by the provisions of paragraph 336 of the act of October 1, 1890. This modification or alteration of section 2927 does not change the fact that thus far, under the tariff acts, allowances for damage have been regulated by a general system. It is not to be supposed that it was the intention of the legislature to take one article out of the general system, unless such intention is clearly manifest. The mere statutory provision by which imported broken glass is duty free does not, in our opinion, modify the system in respect to the article of damaged glass.

The cases of Marriott v. Brune, 9 How. 619, Lawrence v. Caswell, 13 How. 488, and U. S. v. Nash, 4 Cliff. 107, in which it was held that, if the quantity or the weight stated in the invoice has been diminished by leakage or by loss on the voyage, the duty is chargeable on the quantity or the weight actually imported, are not conclusive with respect to the duties to be imposed upon damaged goods, where the allowance for damage is especially regulated by statute.

The decision of the circuit court is reversed.