AMERICAN SUGAR REFINING CO. v. UNITED STATES (two cases).

(Circuit Court, S. D. New York. January 21, 1899.)

CUSTOMS DUTIES—VALUATION—BRAZILIAN SUGARS.

Moist or green sugars imported from Brazil, which are well known to lose from 14 to 16 per cent. in weight on the voyage by drainage and evaporation, without any loss of value, whereby the market value per pound is correspondingly increased, may properly be increased in value by this percentage by the appraisers.

This was an application by the American Sugar Refining Company for a review of a decision by the board of general appraisers in respect to the valuation of green or moist sugars imported from Brazil.

John E. Parsons, for importers.

Henry C. Platt, for the United States.

TOWNSEND, District Judge. Certain moist or green sugars were brought from Brazil into the port of New York while the act of 1894 was in force, upon which duty was assessed at 40 per cent. ad valorem, under the provisions of paragraph $182\frac{1}{2}$ of said act. 28 Stat. 521. It appears that there is an understanding, acquiesced in generally by shippers, importers, and appraisers, that, as the moist sugars from Brazil lose from 14 to 16 per cent. in weight on the voyage by drainage and evaporation, this percentage of loss shall be generally accepted as a basis of settlement of value at the port of entry. The board of appraisers, acting upon the basis of this so-called settlement, assumed such a loss of weight, and found, not the actual market value of the green sugar as shipped from Brazil, but the increased market value of the dry sugar when it reached the port of New York. Thus the appraisers advanced the valuation of the sugar in the first importation from 6s. 8d. per cwt., 87°, the market value when shipped, to 7s. 9d. per cwt., 87°, owing to its increase in value from drainage on the voyage, and made similar advances in the other importations. The question presented by these appeals is whether the appraiser was authorized in thus advancing the valuation of the sugar, and whether the assessment of duty upon such advanced valuation is valid.

Section 10 of the customs administrative act of 1890 provides, inter alia, as follows:

"That it shall be the duty of the appraisers of the United States to ascertain, estimate and appraise the actual market value and wholesale price of the merchandise at the time of exportation to the United States in the principal markets of the country whence the same has been imported." 26 Stat. 136.

Counsel for the importer contends that this language refers to the merchandise in its condition in the foreign port and its actual value

at the time of exportation to the United States in the principal markets of the country whence it is imported. He claims that the phrase "actual market value of the merchandise" could not refer to the merchandise in its condition when it reached the port of New York, because such valuation would be merely speculative, within the reasoning in U. S. v. Southmayd, 9 How. 637, and Merritt v. Welsh, 104 U. S. 694. Counsel for the government contends that the language of section 10 refers to the value in the foreign market of said merchandise in the condition in which it arrives at the port of New York. He claims that the mode adopted by the appraisers results in finding the actual market value at its place of exportation of such sugar as reaches this port. Owing to drainage, there are less pounds of sugar on arrival here than when the ship left Brazil, but the cargo is actually worth as much as when it started. It appears, therefore, that, if the sugar had been kept for the same length of time in Brazil, the same loss in weight by drainage and increase in value per pound would have taken place there, and the value of the cargo as a whole would not have been affected thereby. If this be so, I do not think the importers should gain by the decrease in weight, coupled with an increase in value per pound. Unless, therefore, the appraisers have acted in bad faith, or have clearly committed a substantial error, by their mode of ascertaining the market value in Brazil of the sugar on its arrival here, their decision should be affirmed. I am unable to find any such mistake or error. Passavant v. U. S., 148 U. S. 214, 13 Sup. Ct. 572. This construction is supported by the statement of Mr. Justice Curtis in Austin v. Peaslee, 2 Fed. Cas. 235, that "the merchant is to pay duties on what is actually imported, not what is put up for export in the foreign country"; and of Judge Colt in Weaver v. Saltonstall, 38 Fed. 493, that the true construction of the law is to assess duty only upon the quantity which arrives in port, and not upon the quantity which appears by the invoice to have been shipped; and by the language of Judge Lacombe in charging the jury in Reiss v. Magone, 39 Fed. 105, that, if what reaches this country has become more valuable by reason of shrinkage, it should, in fairness, be assessed at the higher value. The decision of the board of general appraisers is affirmed.