STONE, Collector, v. LAWDER et al.

(Circuit Court of Appeals, Fourth Circuit. May 1, 1900.)

No. 329.

CUSTOMS DUTIES—APPRAISAL—ALLOWANCE FOR DAMAGE.

Under Customs Administrative Act 1890, § 23, providing that "no allowance for damage to goods, wares and merchandise imported into the United States shall hereafter be made in the estimation and liquidation of duties thereon," but that the importer may abandon to the United States all or any portion of the goods included in any invoice, not less than 10 per cent. of the total value or quantity of the invoice, and be relieved from the payment of duties on the portion so abandoned, an importation of pineapples in bulk included in a single invoice must be considered as a whole, and the importer is entitled to no allowance on account of damage to or deterioration of the same, but must pay duty on the entire invoice, unless a portion equal to 10 per cent. thereof is abandoned.

Appeal from the Circuit Court of the United States for the District of Maryland.

John C. Rose, U. S. Atty., for appellant.

Robert H. Smith and John E. Semmes, for appellees.

Before GOFF and SIMONTON, Circuit Judges.

GOFF, Circuit Judge. S. M. Lawder & Sons, fruit importers, during the year 1897 imported a number of cargoes of pineapples in bulk from Governor's Harbor, B. W. I., to the port of Baltimore. On the discharge of the cargoes it was found that a number of the pineapples were decayed, and that they had gone into what the customs officers called "slush," having thereby entirely lost their commercial value. The collector assessed duty on the entire amount of the pineapples, no matter as to the condition they were in when they were brought into the port. The importers protested, claiming that they were not liable for the duty on the pineapples that had gone into slush before the cargo was landed. The board of general appraisers reversed the action of the collector, and held that the importers were not required to pay duty on such decayed and worthless pineapples. The collector then appealed from such decision of the board of general appraisers to the United States circuit court for the district of Maryland, which af-

firmed said decision, and from the decree of that court so affirming such decision this appeal is prosecuted.

At the time of such importations the duty on pineapples was 25 per cent. ad valorem. The number of pineapples destroyed by decay in the importations in controversy was less in each cargo than 10 per cent. of the whole amount of the invoice. The appellant insists that, as the importers could not abandon all or any portion of the said importations to the United States, and could not claim an allowance for damages because of the decay of said pineapples, the duty as first assessed by the collector was proper. The contention of the appellant is that section 23, c. 407, Acts 1890, approved June 10, 1890 (Supp. Rev. St. p. 754), applies to the importations in question. That section is as follows:

"That no allowance for damage to goods, wares and merchandise imported into the United States shall hereafter be made in the estimation and liquidation of duties thereon; but the importer thereof may, within ten days after entry, abandon to the United States all or any portion of the goods, wares and merchandise included in any invoice, and be relieved from the payment of the duties on the portion so abandoned: provided, that the portion so abandoned shall amount to ten per centum or over of the total value or quantity of the invoice; and the property so abandoned shall be sold by public auction or otherwise disposed of for the account and credit of the United States under such regulations as the secretary of the treasury may prescribe."

Is it not beyond question that the claim of the appellees in this case is a claim for an allowance for damage to the merchandise imported by them? Is it not equally clear that, under the section of the act of congress we have quoted, all such allowances as to importations like this are prohibited? Under former tariff acts and the decisions of the courts relating thereto, such allowances were proper, and were frequently made. Marriott v. Brune, 9 How. 619, 13 L. Ed. 282; U. S. v. Southmayd, 9 How. 637, 13 L. Ed. 290; Weaver v. Saltonstall (C. C.) 38 Fed. 493. It is the natural inference that it was because of the many claims for damages so presented, and the persistent efforts so continuously being made for an abatement of duties, that the necessity for the change in the legislation referring thereto which was made in the tariff administration act of 1890 (the said section 23 we have mentioned) was suggested to congress. By that section a radical change was made, and all allowances for damages to goods, wares, and merchandise imported into the United States were absolutely prohibited; but, in lieu of the damages theretofore allowed, the importer was himself to determine what goods were damaged, by abandoning all or any portion of the same, thereby relieving himself of the duties on the portion so abandoned, provided that portion amounted to 10 per centum or over of the total value or quantity of the invoice. The word "damage," as used in said section, has its ordinary signification, and covers, we think, all claims founded on injurious changes in the condition of the articles imported, occurring after they leave the place of shipment and before they reach the port of discharge. It will be noted that the portion abandoned must amount to 10 per centum or over of the total value or quantity of the invoice, and not of the goods, wares, and merchandise as discharged at the port of entry. The words of the section we are considering seem to have been used for the pur-

pose of meeting the language of the courts in construing former acts relating to the same matter, and were clearly intended to compel the importer to pay the duties on his importation, unless a portion of the same amounting to 10 per centum or over of the total value or quantity of the invoice shall be abandoned to the United States, in which event he was to be relieved of the duty on the part so abandoned, which might be all of, a greater portion of, or a comparatively small part of, the total importation.

This question was before the circuit court of appeals for the Second circuit, and that court, in disposing of it, used this language:

"This section prohibited allowance for damage, unless, within a specified time, the importer should abandon to the United States his damaged goods, in which event he would be relieved from payment of the duties on the portion so abandoned, provided it amounted to 10 per centum or over of the total amount or quantity of the invoice. This provision is also general. It prescribes the prerequisites for damage allowance, and is applicable to all articles except those which are or may be specially excepted, as is now the case with respect to damage upon imported wines and liquors. It is not to be supposed that it was the intention of the legislature to take one article out of the general system, unless such intention is clearly manifest. The mere statutory provision by which imported broken glass is duty free does not, in our opinion, modify the system in respect to the article of damaged glass. The cases of Marriott v. Brune, 9 How. 619, 13 L. Ed. 282, Lawrence v. Caswell, 13 How. 488, 14 L. Ed. 235, and U. S. v. Nash, 4 Cliff. 107, Fed. Cas. No. 15,856, in which it was held that, if the quantity or the weight stated in the invoice had been diminished by leakage or by loss on the voyage, the duty is chargeable on the quantity or the weight actually imported, are not conclusive with respect to the duties to be imposed upon the damaged goods where the allowance for damage is specially regulated by statute." U. S. v. Bache, 8 C. C. A. 258, 59 Fed. 762.

We do not find it necessary to consider in detail the testimony relating to the method resorted to by the customs officers for the purpose of ascertaining whether or not the quantity of decayed pineapples amounted to 10 per centum of the invoice, as the insistence of the appellees is in fact based on their right to exclude entirely the whole quantity of "slush," on the theory that the same was not in fact imported into the United States. This contention cannot, in our opinion, be sustained, as under existing law an importation in bulk of pineapples included in a single invoice must be considered as a whole, and the importer thereof is entitled to no allowance for damage or deterioration to or concerning the same, and must pay duty on the entire invoice, unless a portion of the same is abandoned by him under the provisions of section 23 of the act of June 10, 1890.

We find that there is error in the decree complained of, and therefore the same will be reversed, and this cause will be remanded, with instructions that such further proceedings be had therein as are indicated by this opinion. Reversed.