**No. 39171.**—Protest 939653–G of S. Takazawa & Co. (San Francisco).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Woolworth* v. *United States* (T. D. 47647) the claim for free entry under paragraph 1703 was sustained.

**No. 39172.**—Protest 922835–G of Kisen Co. (San Francisco).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Woolworth* v. *United States* (T. D. 47647) the claim for free entry under paragraph 1703 was sustained.

**No. 39173.**—Protest 937669–G of Ignaz Strauss & Co., Inc. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Kwong* v. *United States* (T. D. 49409) the wooden stands in question were held dutiable at 33⅓ percent ad valorem under paragraph 412 as claimed.

**No. 39174.**—Protests 920352–G, etc., of Ignaz Strauss & Co., Inc. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Kwong* v. *United States* (T. D. 49409) the wooden stands in question were held dutiable at 33⅓ percent ad valorem under paragraph 412 as claimed.

**No. 39175.**—Protests 837812–G, etc., of Ignaz Strauss & Co. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Kwong* v. *United States* (T. D. 49409) the wooden stands in question were held dutiable at 33⅓ percent ad valorem under paragraph 412 as claimed.

**No. 39176.**—Protest 754153–G of Landriani, Inc. (New York).

Opinion by KEEFE, J. On the authority of *Downing* v. *United States* (11 Ct. Cust. Appls. 310, T. D. 39128) it was held that duty should have been assessed on the actual net landed weight and the protest was sustained.