(C. D. 436)

PARODI ERMINIO & CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided February 18, 1941)

*Lawrence & Tuttle* (*Charles F. Lawrence* of counsel) for the plaintiffs.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Richard F. Weeks,* special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

KEEFE, Judge: The merchandise in this case consists of Tuscan Pecorino Genuine Cheese, having a covering upon the outside thereof consisting of Fuller's earth. Duty was assessed thereon by the collector at 35 per centum ad valorem under the provisions of paragraph 710 of the Tariff Act of 1930 upon the basis of the unit price, packed, times the quantity of net cheese imported, the collector having considered the Fuller's earth covering as a part of the net weight of the cheese. The plaintiffs claim that insufficient allowance was made for tare because there was no allowance from the net weight for the weight of the inedible coverings.

At the trial the weigher's certificate was admitted in evidence and plaintiffs submitted the case upon all the official papers with consent of Government counsel.

In the cases of *Kraft-Phenix Cheese Corp.* v. *United States,* T. D. 47955; *Mattia Locatelli New York Branch* v. *United States,* T. D. 48284; *Mattia Locatelli* v. *United States,* T. D. 49302; and *Mattia Locatelli New York Branch* v. *United States,* T. D. 49389, this court consistently held that the inner wrappings of imported cheese and the inedible substances surrounding such cheese, the cost of which is included in the *per se* unit value of the cheese, are properly the subject of tare allowance, and that the dutiable value should be obtained by a multiplication of the net weight of cheese, not including the weight

of any inedible substance surrounding the cheese, by the unit of value as found by the appraiser. Such inedible substances are therefore held to be a covering which should be treated as being in the same dutiable status as outside packing.

In the case before us the unit price, according to the invoice, includes the pro rata proportion of an amount of $19 for packing, also freight from Rome to Genoa, porterage and loading charges, amounting to $12. These latter charges were deducted from the total value as nondutiable. The gross weight of the merchandise, to wit, the weight of the packing, the inedible coverings, and the cheese, was reported by the weigher to be 3,401 pounds. The weight of the packing was reported as 512 pounds, and the weight of the inedible coverings was 59 pounds. Therefore, the net weight of the cheese was 2,830 pounds. Upon the foregoing state of facts, the sum obtained by a multiplication of the net weight of the cheese and the unit price thereof, less $12, the nondutiable charges, is the dutiable value from which the duty is to be derived and, under the law, a computation of such value with the rate of duty also includes the duty upon all containers and coverings of whatever nature. However, the collector has failed to follow the law in obtaining the basis of value upon which duty should be assessed because the weight of cheese which he multiplied by the unit value to obtain the dutiable value included the weight of the inedible coverings. Consequently, he assessed 59 pounds of coverings with a duty applicable to cheese, when the cost thereof is included in the dutiable value as above noted, and such action in effect amounts to a double assessment. Had the same course been followed in reference to the duty upon the packing weighing 512 pounds, he would have multiplied the net weight of the cheese, plus the weight of the inedible coverings, plus the weight of the outside cases (the gross weight) by the unit of value to obtain the dutiable value.

The identical rule in assessing duty upon packing charges is applicable to assessment of duty upon the inedible coverings. A rate of duty applied to an amount obtained by the multiplication of the unit value, which includes the cost of inside packing as well as outside packing and the net weight of cheese actually imported, produces an amount which includes duty upon the inside and outside packing as well as the duty upon the cheese.

In the case of *United States* v. *Suzarte & Whitney,* 8 Ct. Cust. Appls. 99, T. D. 37219, the appellate court stated, as follows:

the course pursued by the appraiser was to fix the unit value upon the goods including the cost of the containers, and that if the net weight is multiplied by this unit value, the containers will have paid the rate of duty which the merchandise also bears, which is correct.

For the reasons stated we hold that when the cost of inedible coverings is included in the *per se* unit price of the merchandise, it may be considered as determined when such price is multiplied by the units of net weight of the cheese, which in the case herein is 2,830 pounds.

Judgment will therefore be entered in favor of the plaintiffs directing the collector to reliquidate the entry and make refund of duty in accordance with our decision herein.