**No. 50329.**—Protest 99833–K of Ross Bros., Inc. (New York).

EKWALL, Judge: Plaintiff claims in this case that certain damask articles imported from Ireland were improperly assessed with duty due to a clerical error. We set out the pleadings as follows:

\*  \*  \*  \*  \*  \*  \*

We claim that your liquidation of the entry was based upon a value in excess of the proper dutiable value of the merchandise, due to clerical error in the typewritten work sheet used by the importer in making additions to make market value in 144 pcs. item #830, and 183 pcs. item #2160/SB, in case 878. The importer intended to and did add 9 pence per piece to make value on the 144 pcs. of item #830, and 7 pence per piece to make value on the 183 pcs. of item #2160/SB, as shown by the extensions of £5–8–0 and £5–6–9 respectively appearing opposite said items on said typewritten work sheet attached to the invoice. Said work sheet shows all the importer's additions to make market value on the various items advanced. In preparing said typewritten work sheet the importer's clerk who copied the work from the original work sheet inadvertently copied the figures 9. and 7., which appear in that form on the importer's original work sheet in pencil handwriting, as 9/– and 7/– respectively, but correctly copied the extensions of 5–8–0 and 5–6–9 appearing opposite said figures 9. and 7. respectively on said original work sheet in pencil handwriting. The importer's extension of 5–8–0 for the 144 pcs. of item #830 was determined by multiplying 144 times 9 pence, and the extension of 5–6–9 for the 183 pcs. of item 2160/SB was determined by multiplying 183 times 7 pence. The Mark (/–) typed after the figures 9 and 7 on the work sheet by the said clerk in error should not be construed as changing the importer's actual additions in pence, as evidenced by the individual extensions and quantities imported, to additions in shillings.

We understand that the appraiser intended to appraise the items in question on the basis of the importer's intended and actual additions of 9 pence and 7 pence per piece respectively to make market value, and in fact did so appraise those items. If the check in red ink opposite those items is construed by you to indicate that said items were appraised on the basis of an addition to make value of 9 shillings and 7 shillings per piece respectively, then we claim that your construction constitutes error, as said check so construed does not reflect the actual intent and action of the appraiser in appraising said items.

We therefore request that you reliquidate the entry and refund all excess duties assessed by you.

We further claim, in the alternative, that the appraised value is higher than the entered value if you construe said check in red ink to be an appraisement of the items in question on the basis of an addition to make value of 9 shillings and 7 shillings per piece respectively, and that such appraisement constitutes an advance in value of which no written notice of appraisement was sent to the consignee, his agent, or attorney as provided in Sec. 501, Tariff Act of 1930. That, therefore, the liquidation of the entry is premature, null and void; and that said liquidation should be cancelled, and written notice of appraisement sent to the importer as provided in said Section 501.

No testimony was produced but the case has been submitted upon the following stipulation of counsel:

It is stipulated and agreed between counsel, in the matter of the above protest, as follows:

Upon the entry the importer made voluntary additions to the invoice unit prices, to make market value, of a number of items imported under the entry covered by the above protest.

Among the items so entered by the importer were 144 pcs. #830, 54 x 54, Bleached Linen Damask Cloths, Hemmed, and 183 pcs. #2160, 45 x 45, Bleached Linen Damask Cloths, Hemmed, in case #878.

In making the said additions to make market value the employee of the importer having the matter in charge prepared an original work sheet in pencil handwriting setting forth all necessary details.

The invoiced and entered values are expressed in English Pounds Sterling.

On said original work sheet the addition to make market value for said 144 pieces #830 is shown as 9 pence per piece, and the extension therefor is shown as £5.8.0, and the addition to make market value for said 183 pieces #2160 is shown as 7 pence per piece, and the extension therefor is shown as £5.6.9; said additions in pence being the correct additions to make market value on said items which the said employee intended to make and in fact did make.

The said original work sheet was then turned over to another clerk in the employ of the importer, for the sole purpose of copying the same in typewriting. In making the typewritten copy of the original work sheet, said clerk inadvertently copied the said pencil figures 9 and 7, as 9/– and 7/– respectively, but correctly copied the extensions of 5–8–0 and 5–6–9 which appeared opposite said figures 9 and 7 respectively.

Entry was then made upon the Consular invoice with said typewritten sheet attached.

The invoice, with said typewritten sheet attached, thereafter came before the examiner in his official capacity, and a check in red ink was placed opposite each one of the various additions shown on said typewritten sheet. The intention in so checking the figures 9/– and 7/– was to report the value of items #830 and 2160 in question on the basis of the invoiced unit prices plus additions of 9 pence and 7 pence per piece respectively, to make market value, as indicated by the respective extensions. The examiner in fact did report the value of said items on the basis of the invoiced unit prices plus additions of 9 pence and 7 pence per piece respectively, to make market value. In making said report the examiner failed to take note of the mark /– appearing after the figures 9 and 7 respectively.

The appraiser thereafter approved the report of value made by the examiner.

In the liquidation of the entry the Collector found the dutiable value of said items #830 and 2160 by construing the additions of 9/– and 7/– per piece respectively, to be additions in shillings notwithstanding that the respective extensions thereof clearly indicate the said additions to be in pence, as entered and appraised.

\*        \*        \*        \*        \*        \*        \*

In view of this agreement it is apparent that the error in indicating the additions was made by one upon whom no duty devolved to exercise original thought or judgment. Although it is agreed that the examiner intended to report the value of the items in dispute on the basis of the invoiced unit prices plus additions of 9 pence and 7 pence per piece, respectively, instead of in shillings, it is clear from the notations on the summary sheet that the appraiser checked the entered value as correct, and the record is lacking in proof that in checking such value he understood that the examiner intended the unit additions to be in pence rather than shillings, as indicated by the mark "/–". Inasmuch as the items were appraised at a value which included the additions of 9 shillings and 7 shillings per piece, respectively, we are unable to find that the collector was in error in liquidating upon that basis under section 503 of the Tariff Act of 1930.

We find no merit in plaintiff's alternative contention as set forth in its brief, viz, that the appraised value is higher than the entered value, that such appraisement constitutes an advance in value of which no written notice of appraisement was sent, and that, therefore, the liquidation is premature. The collector accepted the unit appraised value and upon that value liquidation was based (sec. 503, Tariff Act of 1930). The "entered value" signifies the unit value and not the gross dutiable valuation given in the entry. This has been held in a number of cases, notably *Downing & Co.* v. *United States*, 11 Ct. Cust. Appls. 310, T. D. 39128, where at page 313 the court, in answering an objection, said:

This objection, however, finds an answer in the fact that the term "entered value," as used in the foregoing provision, signifies the unit of value and not the gross dutiable valuation given in the entry.

See also *United States* v. *Bush & Co.*, 4 Ct. Cust. Appls. 519, T. D. 33938; *United States* v. *Bush & Co.*, 5 Ct. Cust. Appls. 127, T. D. 34187; *United States* v. *Suzarte & Whitney*, 8 Ct. Cust. Appls. 99, T. D. 37219; *United States* v. *Kuttroff*, 9 Ct. Cust. Appls. 239, T. D. 38204; and *United States* v. *Woodward-Newhouse* Co., 11 Ct. Cust. Appls. 284, T. D. 39100.

Plaintiff's claims, therefore, are overruled and judgment will be rendered for the defendant.