**No. 52443.**—Mauro Bernal *v.* United States, protests 124457–K and 124458–K (San Francisco).

EKWALL, Judge: These two cases have been consolidated and tried together. They involve the same entry but not the same issue. In protest No. 124457–K, plaintiff claims that the appraisement, particularly as it covers 16 boxes of cotton stockings, is illegal and void. Therefore, it is contended the matter should be remanded to a single judge for the purpose of reappraisement. (See section 501, Tariff Act of 1930, as amended by the Customs Administrative Act of 1938.) Protest 124458–K is directed against the collector's refusal to reliquidate on the ground of clerical error, which it is alleged occurred when the *pro forma* invoice was prepared.

It appears that entry of the merchandise involved, i. e., 16 boxes of cotton stockings imported from Mexico, was made by a firm of customs brokers at the port of San Francisco upon the basis of a *pro forma* invoice which was prepared from a commercial invoice in the absence of a consular form of invoice. Mr. James J. Connors, the clerk of the customs brokerage firm, testified that he prepared the entry and that he made up the *pro forma* invoice from the commercial invoice, which was made out in the Spanish language and was furnished to him by the importer. Mr. Connors did not understand Spanish and another employee in the office interpreted the commercial invoice. Upon this basis, he typed on the *pro forma* invoice the following: "16 boxes containing 6 pair cotton stockings each." He also typed in the total amount, "$363." He used a unit value of $60.50 each pair. His testimony as to the method by which he arrived at said unit value is as follows:

The importer had given us the commercial invoice, and showed a total value of $363.00, and in making up the *pro forma* invoice I attempted to get a unit value, and in making it up, I made an error of putting $60.50 each pair. I had divided different numbers into the total of $363.00 to see what seemed to be the most logical unit value I could get, and the only thing I could have done, I divided six pair into $363.00 and got $60.50, and put that down instead of the amount that actually was the true unit value.

On the entry, the item in dispute is described as:

16 boxes containing 6 pair cotton stocking each

Above this description appears in pen and ink the number of the commodity "3110.000," and the net quantity in units "8 doz. Pr.," the entered value being given as U. S. $75. In the lower left-hand corner of said entry the net invoice value is given as $896.60, to which is added the sum of $7.89 for taxes, making a net entered value of $904.49. From the notation appearing directly above these figures, i. e., "Mexican Peso at .205820," we gather that the amounts stated in this notation are expressed in Mexican dollars.

On the Summary of Examination and Appraisement we find a red check mark under the column "Appraised," which is explained in the printed matter directly above the respective columns of the form as follows:

A check mark (√) in the appropriate column below indicates that—(a) the appraised value agrees with the entered value as represented by the information set forth on the invoice and in any importer's notations endorsed thereon or attached thereto; * * *

It is therefore apparent that the goods were appraised at $60.50 each pair. It is established law that goods must be appraised in the unit of quantity and not the total value of the importation. See section 500, Tariff Act of 1930; *United States* v. *Bush*, 5 Ct. Cust. Appls. 127, T. D. 34187; *Manhattan Gas Light Co.* v. *Maxwell*, 2 Blatch. 405; *Igstaedter* v. *United States*, 11 Ct. Cust. Appls. 477, T. D. 39570; and *United States* v. *Kuttroff*, 9 Ct. Cust. Appls. 239, T. D. 38204.

The plaintiff in protest No. 124457–K contends that the appraisement is invalid. The testimony of the appraiser was that he did not make inquiry as to the general trade practice concerning these particular stockings from this manufacturer; that he accepted the unit price stated on the invoice, i. e., Mexican $60.50, as the purchase price. He further testified that he accepted that value as representative of the freely offered export value, and that at the time of appraisement he was satisfied that the unit value was correct. We find nothing in this situation that would render the appraisement invalid. It may have been erroneous, in which case the collector could have called for reappraisement, had he so desired. Inasmuch as we find that the appraisement was valid, protest No. 124457–K is overruled.

As above stated, protest No. 124458–K claims that the collector erred in refusing to reliquidate for a clerical error, which error consisted in the statement that the unit value was $60.50, whereas the actual unit value was $3.72 per pair. In the leading case on clerical error, *J. J. McQuillan* v. *United States*, 18 C. C. P. A. (Customs) 215, T. D. 44401, it was held that where the entry is made precisely as the clerk intended it to be in form and in substance, the error is not clerical in character, citing *United States* v. *Wyman & Co.*, 4 Ct. Cust. Appls. 264, T. D. 33485. In the instant case, the clerk employed by the customs brokers intended to enter the goods at $60.50 Mexican. In fact, his testimony set forth above shows that he arrived at that figure by a method of computation. The appraiser accepted that unit value as correct. The collector also accepted it and based his liquidation thereon as he was required to do under section 503 of the Tariff Act of 1930. In so doing, he based his action on the principal set forth in numerous decisions, that "entered value" signifies the unit value and not the gross dutiable valuation stated in the entry. See *Downing & Co.* v. *United States*, 11 Ct. Cust. Appls. 310, T. D. 39128; *United States* v. *Bush & Co.*, 4 Ct. Cust. Appls. 519, T. D. 33938; *United States* v. *Suzarte & Whitney*, 8 Ct. Cust. Appls. 99, T. D. 37219; *United States* v. *Kuttroff*, 9 Ct. Cust. Appls. 239, T. D. 38204; and *United States* v. *Woodward-Newhouse Co.*, 11 Ct. Cust. Appls. 284, T. D. 39100.

We find no merit in plaintiff's claim in protest 124458–K and it is overruled. Judgment will be rendered accordingly.