SEARS, ROEBUCK & Co. v. UNITED STATES (No. 898).[1]

ASSESSMENT OF SILK BY WEIGHT.

The examiner weighed but one piece of the silk goods, though these were contained in two separate cases, the silks differing in color and in weight. The evidence clearly rebuts the presumption of correctness attaching to this official's finding, and shows, too, that the weight as stated in the importer's invoice to have been more fairly and justly determined.

United States Court of Customs Appeals, December 16, 1912.

APPEAL from Board of United States General Appraisers, Abstract 27934 (T. D. 32333).

[Reversed.]

*Lester C. Childs* for appellants.

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The appellants imported into this country two cases of silk chiffon muslin, which was assessed with duty at $3.50 per pound under paragraph 399 of the tariff act of 1909. The examiner reported the weight of the merchandise to be greater than that shown upon the official invoice, and the gross amount of the assessment was thus materially increased. The importers duly protested against the increase, claiming the invoice weight to be correct. The protest was heard upon evidence by the Board of General Appraisers and was overruled, from which decision the importers now appeal to this court.

In the invoice the two cases of goods were numbered 6476 and 6477, respectively. The contents of the first case were stated at 100 pieces, measuring 3,138.90 meters in length, and weighing 49 kilograms net. The second case was invoiced at 108 pieces, measuring 3,397.80 meters in length, and weighing 53 kilograms net. The invoice did not specify the different colors or separate weights of the individual bolts of goods, but simply stated the entire number of pieces in each case, together with the combined length and weight of the same.

The examiner attempted to verify the reported weight of the merchandise, and for that purpose he took a single piece of goods from

case 6477, taking none at all from case 6476, and weighed the selected piece. The piece thus examined was 32.3 meters in length, and weighed 19.9 ounces net. Thereupon the examiner computed the weight of the entire importation upon the assumption that each meter thereof was of the same weight as every other meter. That calculation produced a result considerably in excess of the weight stated in the invoice and furnished the sole basis for the report of the examiner upon the weight of the merchandise.

It now plainly appears from the evidence that the assumption upon which the examiner acted was mistaken; and that his computation was incorrect. Case 6477, from which the sample piece was taken, in fact contained goods of two different colors, and the several colors differed also in weight per meter. This variation was caused by the dyes used in coloring the goods, which are extremely light in weight. It furthermore appears that case 6476, from which, however, no piece at all was examined, contained goods of three entirely different colors, varying likewise in weight. The examiner's calculation was, therefore, necessarily inaccurate.

After the entry was liquidated the importers selected two pieces from each of the five colors composing the importation, and accurately weighed the same. A computation based upon those weights established a result substantially equal to the weight stated in the invoice. The importers thereupon filed their protest with the collector, claiming that the statement in the invoice was correct, and requesting a return of the duty exacted upon the excess weight. The importers filed with their protest a paper showing in detail the steps taken by them to verify the invoice weight.

The entry was liquidated on February 1; the selected pieces were weighed by the importers on the 6th which was the day after their receipt at the importers' store; the protest was dated the 8th and filed on the 9th, all of the same month.

The appraiser made a report to the collector upon the protest, and the same is copied below. It will be observed that in the report the appraiser makes no mention at all of case 6476, containing 100 pieces of the merchandise. As stated above, no examination was made of the contents of that case, nevertheless an addition was made to its invoice weight because of the examination of the single piece taken from the other case.

The COLLECTOR OF CUSTOMS, *Chicago.*

SIR: Regarding protest 38240, of Sears, Roebuck & Co., entry 21667, I have to report as follows:

The merchandise in question is 3,397.80 meters of silk chiffon muslin, 103 cms. wide, invoiced as weighing 53 kilos net, at a unit price of 1.15 fcs. per meter less 2 and 1 per cent. The case contained 108 pieces and was apparently all one kind of merchandise; consequently only one piece was weighed to verify the weights on the invoice. This piece of 32.3 meters weighed 19.9 ounces net. The importer now protests against the weight, claiming that the different pieces varied in weight, and furnishes a series of questions asked Mr. Cole, an employee of the importer, by Mr.

Bonheim, in charge of the importer's foreign division, showing that the weights found by the importer differed from the weight returned by the appraiser. I have no reason to doubt the truth of these statements, but the merchandise was invoiced as one kind and was not separated, and was treated as such at the time of examination. The muslin was packed so that all one color appeared at the top of the case, and as the case was not unpacked, it was not discovered that there were other colors which might have weighed less. When merchandise of this character is invoiced by colors, showing different weights each color is verified, but it was not done in this case, as the muslin was supposed to be of one color.

No sample was submitted and none retained.

The foregoing statement sufficiently explains the discrepancy between the invoice weight and that adopted for liquidation. The record does not show the exact amount of this difference. However, by extending the figures above given, it appears that the examiner's report added about 12 kilograms to the weight reported in the invoice, and duty was taken upon that addition at the rate of $3.50 per pound. The court is convinced that this charge was excessive, and that the entry should be reliquidated upon the basis of the invoice weight.

It should be noted, however, that the record is very uncertain concerning one fact which the importers should have distinctly proven as part of their case, and that is the exact number of pieces severally composing the different colors of the importation. This uncertainty was the principal reason which inclined the board to overrule the protest. The importers proceeded upon the assumption that the entire importation was equally divided into the five several colors; they therefore weighed ten pieces, two of each color, and cited the result as conclusive in support of the invoice weight. This should have been supplemented by direct proof of the number of pieces of each color contained in the importation. The record, however, is not satisfactory upon this subject.

But, nevertheless, it fairly appears from the record that the invoice weight should control in the case. It is true that the presumption favors the correctness of the examiner's report; but that presumption is not conclusive, and it is effectually rebutted by the evidence in the case. This leaves the statement contained in the official invoice, together with the corroboration furnished by the importers' weights, as the only authority remaining in the case upon the subject. And again, it seems to be implied by the questions put to witness, Abel Cole, and by his answers, that the importation was in fact composed equally of the five several colors. And this implication, vague as it undoubtedly is, was probably understood and accepted by the Government at the hearing, for no cross-examination was directed to that aspect of the case.

The court therefore concludes that the assessment was excessive, and the decision of the board sustaining it is *reversed.*

Reliquidation is ordered upon the basis of the invoice weight as above stated.