GERTZEN & Co. *v.* UNITED STATES (No. 2409).[1]

QUANTITY, ACTUAL AND INVOICE.

> The weight or quantity of merchandise actually imported must be taken as the basis for determining duties irrespective of that stated in the invoice. The collector's acceptance of that stated in the invoice can not bar the importers from showing the true weight or quantity. Newsprint paper, dutiable or free according to its value per pound, was entered at its gross value. A comparison of this value with the *invoice* weight resulted in the denial by the collector of the claim for entry free of duty. It was the collector's duty to determine the *true* weight; and, upon proof that it was such as would have shown a value per pound entitling the paper to entry free of duty, the judgment of the Board of United States General Appraisers overruling the protest is reversed.

[1] T. D. 40697.

United States Court of Customs Appeals, February 17, 1925

APPEAL from Board of United States General Appraisers, G. A. 8776 (T.D. 40128)

[Reversed.]

*Barnes, Wilson & Halstead* (*Frank M. Halstead* of counsel) for appellants.

*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence* and *John A. Kemp,* special attorneys, of counsel), for the United States.

[Oral argument Nov. 17, 1924, by Mr. Halstead and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

In this case a consumption entry was made January 19, 1921, for 91 rolls of printing paper. The value thereof as stated in the entry was $8,925, in which were included certain dutiable charges about which there is no question. Neither the value per pound nor the number of pounds was stated in the entry, but therein the merchandise was claimed to be free of duty. The consular invoice filed on entry was certified by the consul November 12, 1920, and stated the weight of the importation to be 110,138.88 pounds.

As appears by the examiner's report dated January 31, 1921, he appraised the merchandise at the entered value, advisorily classified it for free entry, and accepted the weight to be that stated in the invoice. This report was approved in February following by the appraiser; the paper was passed as free and delivered to the importer without the assessment or payment of duty. The importation was not weighed by the customs officers nor, so far as appears, by the importers.

It is agreed that, under the statutes then in force, if the importation was valued above 8 cents per pound, it was dutiable at 12 per cent ad valorem, and that, if not valued at more than 8 cents per pound, it was entitled to free entry.

More than two months after the importation was made the entry was reconsidered by the customs officers, and the collector, on April 11, 1921, liquidated the entry, assessing duty thereon at 12 per cent ad valorem.

Importers seasonably protested, claiming the paper was entitled to free entry. The Board of General Appraisers overruled the protest.

In effect, the first issue made here is whether the fact that the customs officials accepted the invoiced weight to be correct precludes the importers from showing, if they can, the true weight of the importation, the Government's theory being that it must be presumed that such weight was correct and can not be questioned or disputed by the importers.

It is stare decisis that the weight or quantity of merchandise actually imported must be taken as the basis for determining duties irrespective of the quantity or weight given in the invoice.—United States *v.* Franklin Sugar Refining Co. (2 Ct. Cust. Appls. 116 at 120; T. D. 31659); United States *v.* Bush & Co. (5 Ct. Cust. Appls. 127; T. D. 34187); United States *v.* Suzarte & Whitney (8 Ct. Cust. Appls. 99; T. D. 37219); Downing & Co. *v.* United States (11 Ct. Cust. Appls. 310; T. D. 39128); Marriott *v.* Brune (50 U. S. (9 How.) 619).

The fact that the collector accepted the invoiced weight as correct can not prevent the application of this rule. The entered value of the paper, as already appears, was $8,925. That value could not be reduced by the importers nor do they seek to do so. The unit value—that is, the value per pound—could only be correctly determined by knowing the weight of the importation. It was, therefore, the duty of the collector to ascertain its weight in order to determine whether or not the paper was entitled to free entry. His failure so to do can not bar the importers from showing the true weight nor could it bar the Government from showing the same, if it desired, or from controverting the importers' evidence on that subject.

There remains to consider what the record shows on the question of the weight of the importation.

The Government presented no evidence other than the invoice. It appears that this paper was purchased from a dealer in Stockholm, Sweden, and was manufactured near Copenhagen, Denmark, from whence it was shipped directly to New York to a purchaser there for whom the appellants here, as customs brokers, made entry thereof.

Testimony by way of deposition taken abroad, to the admission of which no objection was made, was to the effect, among other things, that the paper was never actually received or weighed by the seller; that the seller accepted the manufacturer's weight; that pursuant to the custom in the trade, the latter invoiced the paper at the standard weight of rolls of paper of the size in question, which standard weight in the aggregate amounted to 110,138.88 pounds, and that the itemized list of the weight of the rolls in question furnished by the manufacturer to the seller, in fact, aggregated 112,813 pounds.

At the hearing before the board it was in substance stipulated between the counsel for the parties that three persons named therein if personally present and sworn, would testify that they were in the employ of the manufacturer and had charge of the weighing of the paper covered by this protest; that the same was weighed in their presence and the correct weight thereof entered in the official weight book at the mill; that Exhibit A contained a correct transcript of the weight of each of the 91 rolls in question, as given in the official

mill weight book; and that it might be marked in evidence with the same force and effect as if duly identified and testified to by each of said witnesses.

This exhibit was received in evidence. It states the weight of each roll of the importation in kilos which, when converted into pounds, shows the aggregate net weight of the paper to be 112,812 pounds, the same as the weight note furnished by the manufacturers to the shipper.

There was no proof, and no claim is made, that if the paper had been weighed when unladen it would not, in fact, have weighed 112,812 pounds.

Of course, the case must be disposed of in the same manner as if the stipulated testimony had actually been given, and we are clear upon this record that the importers have established the landed weight of the importation to be 112,812 pounds, thereby overcoming any presumption as to its weight arising from the invoice and the collector's action.

The opinion of the board and the argument of counsel for the Government indicate that this stipulated evidence was not considered.

The case of United States v. Lawrence (11 Ct. Cust. Appls. 203; T. D. 38967), much relied upon by the Government, is not in point because there the importer entered the merchandise at a definite value per pound. The appraiser appraised it at a lesser value and thereupon the importer claimed the entered value was not controlling. In the case at bar, however, the entered value is for the whole importation, the unit value of which can only be ascertained and thereby the question of its dutiability determined, by finding the value per pound.

To accomplish this the entered value $8,925 must be used as a dividend and the established weight on entry, 112,812 pounds, as a divisor. Applying this process the paper was not valued at more than 8 cents per pound and was entitled to free entry.

The protest should have been sustained below.

The judgment of the Board of General Appraisers is, therefore, *reversed*.