(C. D. 265)

Sun Trading Co. *v.* United States

United States Customs Court, Third Division

(Decided December 14, 1939)

*Lawrence & Tuttle* (*George R. Tuttle* and *Charles F. Lawrence* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

Before Cline, Evans, and Keefe, Judges

Keefe, Judge: This case involves the tare allowance made for the containers of sesame seed. The gross weight of the merchandise contained in 100 cases covered by entry 2355 was found by the weigher to be 12,120 pounds, and for the 200 cases covered by entry 11086, 23,460 pounds. The invoice tare of 3,000 pounds or 10 pounds per case was allowed by the weigher, thus making the net weights 11,120 pounds and 21,460 pounds, respectively. The plaintiff claims that an allowance of 25 pounds per case should have been made.

At the trial is was established that the sesame seed was packed in oblong boxes with tin linings and wax paper over the top, and that all of the boxes were of the same type. A box containing the sesame seed was emptied of its contents and weighed by the importer upon scales tested by the State of California and the weight thereof was found to be 29 pounds. The witness further stated that 300 boxes were imported but the only case weighed was the one he found to weigh 29 pounds.

The dock books of the Government weighmaster were admitted in evidence, establishing that 100 boxes of sesame seed were weighed upon a loaded truck; that the gross weight was 19,120 pounds and the truck light was 7,000 pounds, net weight of the load being 12,120 pounds; that 200 boxes of said merchandise was weighed in the

same manner, the loaded truck weighing 34,560 pounds and the light truck 11,100 pounds, net weight of the load being 23,460 pounds. From the gross weight so found the invoice tare of 10 pounds per case were deducted to arrive at the net weight of the imported merchandise

The importer contends that since the invoice weights are in error it is not reasonable to assume that the entire discrepancy in the weight is assignable to the net weight of the merchandise.

The Government, on the other hand, contends that the importer has failed to prove the actual tare and therefore the tare allowance of the collector is presumptively correct.

From the evidence before us we find that all of the 300 cases imported were weighed by the Government on tested scales and the gross weight of the importation thereby obtained. The net weight was figured by deducting the tare shown on the invoices. This method is in accordance with article 1369 of the Customs Regulations of 1937, where it is provided that net weight of merchandise will be obtained by deducting the invoice tare, schedule tare, or actual tare from the gross weight. The importer's contention that duty was taken upon too great a weight is based upon the tare of one case out of the importations and his opinion that, judging from the physical appearance of the remainder of the cases, the weight thereof was the same.

While we have consistently held that methods used by importers in obtaining the actual tare of imported merchandise were more accurate than the use of invoice tare, or the method of estimating the weight by weighing a percentage of the packages and apportioning the average weight so found to the entire shipment, we are disposed to believe that the adoption of invoice tare is more acceptable than the weight of one case as representative of 300 cases without other more definite facts relative to the 299 cases than that the remainder looked to be the same judging from their physical appearance. Evidence establishing the weight of one case, in our opinion, is insufficient to establish the weight of 300 cases. Therefore the presumption of correctness of the collector's action has not been overcome and judgment will be entered in favor of the defendant.