(C. D. 394)

General Dyestuff Corporation v. United States

United States Customs Court, Third Division

(Decided November 4, 1940)

*Eugene R. Pickrell* for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*Joseph F. Donohue*, special attorney), for the defendant.

Before Cline, Evans, and Keefe, Judges; Evans, J., not participating

Keefe, Judge: In this case the plaintiff seeks to recover certain customs duties alleged to have been assessed by the collector at New York upon an excessive net weight of alizarine brown. According to the invoice papers the gross weight of six packages is 2,202 pounds and the net weight 1,500 pounds, the tare being equal to 702 pounds.

The weigher determined the gross weight by weighing each individual package and found the total weight to be 2,313 pounds. As it was impracticable to determine the actual tare the invoice tare of 702 pounds was accepted as correct, thus the net weight of the alizarine brown was found to be 1,611 pounds or 111 pounds more than invoiced. Upon the basis of this amount duty was assessed. The importer claims that the net weight of the packages is 1,500 pounds and the gross weight is correctly represented by the invoice gross weight of 2,202 pounds.

At the trial it was shown that alizarine brown is packed in kegs as immediate containers and that in order to prevent the product from freezing an overpacking is added, consisting of a wooden cask and excelsior packing surrounding the kegs. Evidence was submitted to establish that each of the kegs was weighed separately at the plaintiff's warehouse and that three weighings upon tested scales were taken

at various times. In weighing the merchandise the overpacking was first removed and the immediate container and its contents were weighed. The weight of the kegs and the contents upon the three occasions was found to be 1,835 pounds, first weighing, 1,827 pounds for the second and third weighing.

Certain sheets of figures were admitted in evidence entitled "Arrival of Shipment," which among other things showed the gross and net weights for the packages in question. Under the column "gross" two sets of figures appeared, one over the other with a line between. The uppermost figures when totalled for the six packages equalled the total gross weight shown upon the invoice. The figures underneath represent the gross weights of the immediate containers and contents as testified to by plaintiff's witness and as found upon the first weighing taken. It is noted that in each instance the difference between the two gross weights is 61 pounds. Therefore 61 pounds must have been estimated as the weight of the overpacking. Another exhibit was admitted in evidence consisting of a weight book in which the weights were entered at the second weighing. These figures are for the gross weights of the immediate container and contents only and equal 1,827 pounds.

The importer contends that the weights shown from the three tests taken establish that the net weight of the merchandise is only 1,500 pounds. The Government contends that the importer has not made out a *prima facie* case.

We are of the opinion that the evidence fails to establish that the importer ever obtained the gross weight of the merchandise including the so-called overpacking. In establishing that the total gross weights are equal to the invoice weights, reliance is placed solely upon the figures of gross weights entered upon the "Arrival of Shipment" sheet. Just how these gross weights were determined, in view of the fact that the packages as imported were not weighed by the importer, is not shown. It seems apparent from an inspection of the exhibit that the overpacking was merely estimated. Likewise the weight of the kegs as a part of the tare was estimated by assuming that the contents in each keg were uniform and that the difference in weight of the kegs and the invoiced net amount must be the weight of the keg.

The difficulty with the plaintiff's contention here is that the invoice tare as well as the net weight is claimed to be correct, and there is a complete failure to establish either that the package in the condition as weighed by the Government weigher actually weighed less than found by him, or that the invoice tare was greater than shown upon the invoice.

In view of the evidence before us we are constrained to hold that the importer has failed to make out a *prima facie* case. Judgment will therefore be entered in favor of the defendant.