BEFORE THE THIRD DIVISION, NOVEMBER 7, 1940

**No. 44698.**—Protest 973328–G of General Dyestuff Corp. (New York).

KEEFE, Judge: This case arising at New York involves the dutiable weight of colloresine DK, a dyestuff, which was assessed for duty at 40 cents per pound under paragraph 31, Tariff Act of 1930, upon the basis of a net weight of 2,077 pounds. It is claimed that the merchandise is dutiable upon the basis of the invoice net weight of 2,000 pounds. The merchandise was contained in ten cases numbered 1987 to 1996. The total invoice gross weight thereof was 2,280 pounds and the tare 280 pounds. The gross weight found by Government weighers was 2,357 pounds, and as it was impracticable to secure an actual tare the invoice tare was adopted in determining the net weight.

The manager and superintendent of importer's warehouses testified that the merchandise was weighed in his presence upon entering the warehouse upon a Fairbanks scale of 3,500 pound capacity; that the scale was tested for accuracy regularly every month by the Fairbanks scales people and that it is balanced continuously during the day; that the scale is of the immovable type with the platform flush with the floor and is accurate within a pound; that the weights obtained by weighing each individual package totaled 2,280 pounds for packages numbered 1987 to 1996; that weight sheets which were copied from the invoice were offered and admitted in evidence; that these sheets were checked at the time of weighing with a pencil check-mark alongside the number of pounds when the notations of weight thereon were found to agree within 3 percent; and that all of the weights found at the time of weighing were checked upon said weight sheets as being correct.

At the time when the merchandise left the warehouse, which was some 4 months after the first weighing, it was again weighed, and the weigher thereof testified that he weighed each individual package upon Fairbanks tested scales of 3,500 pounds capacity, the platform of the scale being flush with the floor and immovable; that the total weight found was 2,267 pounds for the ten cases, the weight book containing the weights found being admitted in evidence.

The Government weigher testified that he weighed each of the packages upon the dock at the time of arrival upon a 1–40 beam scale, which was tested for correctness each year and that he personally checked its accuracy twice a day; that the scale was of such construction that it could be moved to various places upon the dock and that it was his custom to move the scale to the place where the packages to be weighed were located; that the total weight of the ten cases, as found by him, was 2,357 pounds.

In comparing the weights determined by the three weighers of the merchandise, we find that package numbers 1987 and 1989 were found to weigh 228 pounds each upon the three weighings; that packages 1990 and 1992 were found to weigh 227 pounds each by the plaintiff's last weigher and the Government weigher, although the plaintiff's first weigher checked 228 pounds upon the weight sheet as correct; that although packages 1994 and 1996 were found to weigh 228 pounds upon the first weighing the second weigher of the plaintiff found the weight to be 225 pounds, and that the weight of package 1995 was 226 pounds rather than 228. These facts seem to indicate that the scales of the plaintiff's last weigher and the Government weigher were correct. The scale used by the plaintiff's weigher was immovable and the packages were weighed at one time, while the scale used by the Government weigher was moved to the place on the dock where the various packages were located. In each of packages 1988, 1991, 1993, 1994, 1995, and 1996, the Government weigher found 15 more pounds in weight than were found by the second weigher of the plaintiff, while in four instances, as noted above, they

agreed. It seems to be a remarkable coincidence that the Government would find that six packages would weigh exactly 15 pounds more than determined by the plaintiff's weigher. The Government weigher admitted that the floor of the dock was of cement and uneven. If these six cases were weighed upon an uneven beam it is possible that there would be a difference of 15 pounds. In any event, we are of the opinion that there is less likely to be a discrepancy in the weights taken upon a Fairbanks immovable scale than upon the beam scale used by the Government, and we hold accordingly that the net weight shown by the invoice is the weight that should have been taken as the basis of assessing duty upon the merchandise.

Judgment will be entered in favor of the plaintiff directing the collector to reliquidate the entry assessing duty upon the ten cases of colloresine DK at 40 cents per pound under paragraph 31 of the act of 1930, upon the basis of a net weight of 2,000 pounds, and to make refund accordingly.