**No. 55692.**—Charles R. Allen, Inc. *v.* United States, protest 148087–K (Tampa).

JOHNSON, Judge:   The merchandise involved in this action consists of four entries of after-dinner mints.   The classification of the merchandise is not involved.   It is claimed by the importer that the collector followed an incorrect procedure in arriving at the dutiable weights of the merchandise, and that there

was undue and negligent delay on the part of the collector in reporting the difference between the invoiced, entered, and steamship weights on the bill of lading, as opposed to the weights reported by the collector.

At the trial, the customs inspectors who weighed the merchandise, and the deputy collector in charge of the port of West Palm Beach, Fla., as well as the customs broker who handled the entries, testified as witnesses for the importer.

It was established that the merchandise was weighed by the customs officials upon tested scales, the packages being selected from various parts of the cargo. The weights were obtained upon several lots, consisting of 25 packages each, until 10 per centum of the cargo was weighed. The tare was obtained from the actual tare taken upon importations of previous packages of the same merchandise, at which time the paper bags and the cardboard carton containers were weighed separately and apart from the contents. It was testified without contradiction that the candies were shipped in uniform packages.

The inward foreign manifests in evidence as collective exhibit 1 for identification and exhibit 2 show that the weights appearing thereon are the weights appearing upon the invoices. Upon the reverse side of exhibit 2 appear the weights by drafts of 25 packages of the mints. Exhibit 4, a copy of consumption entry permit, with reference to entry No. W-656, also contained the report of dock examination upon the reverse side thereof, giving the net weight of 1,343 cartons. Collective exhibit 5 also contained similar documents relative to the other entries involved herein. The consumption entry permits show the same gross and net weights appearing upon the invoices. A freight bill, relative to the 1,343 cartons covered by entry No. W-656, was marked exhibit 3 for identification, but was never moved in evidence. This freight bill also showed the weights appearing upon the invoice. The words "said to weigh" are stamped over such weights, indicating that the invoice weights were accepted.

The deputy collector testified that the inspectors' reports were filed in November and December 1946, but the entries covered by such reports were not liquidated until February 1949, for the reason that there was a "withheld appraisement" in connection with these entries, which were first forwarded to Tampa, the headquarters port, and then to the Comptroller. The entries show a verification by the Comptroller of Customs at the port of Baltimore, Md. The customs broker, who made the entries, testified that he obtained the weights he used from bills of lading, certified invoices, and sugar-analysis certificates. He had not seen the merchandise in question weighed.

Counsel for the plaintiff contends that there was undue and negligent delay on the part of the collector in reporting the difference between the invoiced, entered, and steamship weights on the bill of lading, as opposed to the collector's weights; that the collector followed an incorrect procedure in arriving at the dutiable weights; and that, as there was no actual or appreciable difference between the steamship, the invoiced, and entered weights, such weights constitute the proper dutiable weights.

Counsel for the Government contends that judgment should be entered in favor of the Government for the reason that the plaintiff has failed to overcome the presumption of correctness of the collector's action, or to sustain its burden of proving that the net landed weights of the merchandise were other or different from the weights returned by the weighers.

The plaintiff here challenges the correctness of the collector's returns of weight of the mint candy in question, particularly as to the manner in which the merchandise was weighed in drafts, and of estimating the allowance for tare.

The plaintiff has failed, however, to establish by means of any independent weighing of the merchandise, taken either by the importer or by the shipping agencies handling the merchandise, that the Government weights were incorrect,

or that the manner in which the merchandise was weighed was not in accordance with the regulations established by the Secretary of the Treasury. Although the correctness of the weights returned by the Government weighers of the tare of paper wrappings and cartons was challenged by the importer, no evidence was submitted to establish that such weights did not represent the tare. The court is of opinion that that fact could have been readily established.

This court is concerned with the question of whether or not the net landed weights, as returned by the collector, upon which duty was assessed, were the weights of the mint candy in question, and with the manner in which such weights were derived. It is not, however, concerned with the time elapsing between the reports of the weighing officers and the collector's liquidation of the entries. The law prescribes no time limit within which the collector shall make his original liquidation. *Vitelli & Son* v. *United States*, 7 Ct. Cust. Appls. 243, T. D. 36544.

The case of *B. Mirsky & Son* v. *United States*, 24 Cust. Ct. 378, Abstract 54059, cited by the plaintiff is not in point in the pending case. In that case, the plaintiff established that the Government weigher had used a wrong method in obtaining the tare. No such evidence is before the court here. In the case of *Atlas Converting Co.* v. *United States*, 26 Cust. Ct. 198, C. D. 1324, it was held that the estimated weight, as obtained by the Government weighers, was the weight upon which duty is assessable, even though the tare weight was shown not to be uniform, when the evidence failed to establish the actual weight of the net landed quantity.

Inasmuch as the evidence adduced herein fails to controvert the correctness of the return of net weight of the mint candies in question, the presumption of correctness of the collector's action has not been overcome. Judgment will therefore be entered in favor of the Government.