**No. 57120.**—Geo. S. Bush & Co., Inc. *v.* United States, protest 180697–K (Seattle).

JOHNSON, Judge: The merchandise at issue in this case consists of headless Iceland herring, salted, imported from Haugesund, Norway. The herring was invoiced in two lots. The lot described as 75/1 barrels was invoiced at a price of $29.40, and the lot described as 125/2 barrels was invoiced at a price of $16.20. The plaintiff claims that the net weight as returned by the collector's office is excessive, for the reason that while the shipment consisted of 75 barrels and 125 half barrels, duty was assessed on an average weight of approximately 122 pounds for the barrels and 243 pounds for the half barrels, whereas duty should have been assessed upon the average of 243 pounds for the barrels and 122 pounds for the half barrels.

At the trial R. Flakstad, president of R. Flakstad & Co., Inc., the ultimate consignee of the herring, testified that the only proof he had was his invoice book; and that the 125 barrels were half barrels, which weighed approximately 122 pounds, and the 75 barrels were full barrels which weighed 240 pounds. He was of the opinion that the designation "125/2" on the invoice was an error and that it should have read "125 1/2." The importer failed to show, however, that any independent weighing of the herring had taken place under his direction.

The acting deputy collector testified that the record shows there were 8 barrels weighed, aggregating a total weight, less the tare, of 122 pounds per barrel, and also that 13 barrels were weighed, aggregating a total weight, less the tare, of 242.769 pounds of fish per barrel. The witness testified that the 75 barrels which averaged 122 net pounds each and the 125 barrels which averaged 242.769 net pounds each were assessed for duty upon the basis of such weights.

The weights returned by the customs officials of imported merchandise are presumptively correct, and the burden is upon the importer to rebut this presumption by a preponderance of the evidence to the contrary. *United States* v. *Gage*, 1 Ct. Cust. Appls. 439, T. D. 31503. Inasmuch as the importer was unable to furnish any evidence tending to establish that the barrels actually weighed less than shown by the return of the United States weigher, this court is constrained to enter judgment in favor of the Government.