(C. D. 1677)

Pastene & Co., Inc. *v.* United States

United States Customs Court, Third Division

(Decided January 27, 1955)

*Henry L. Ziegel* (*Hyman M. Kaufman* of counsel) for the plaintiff.
*Warren E. Burger*, Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the defendant.

Before EKWALL and JOHNSON, Judges

JOHNSON, Judge: The merchandise involved herein consists of olive oil in tins, imported from Italy on or about October 1, 1948. It was assessed with duty under paragraph 53 of the Tariff Act of 1930, as modified by the President's proclamation of June 24, 1931, T. D. 44996, at 8 cents per pound on contents and container. No question as to classification has been raised, but the importer claims that duty should have been assessed on the basis of the weight set forth in the weigher's return.

The merchandise consisted of a total of 1,249 cases, divided as follows: 499 cases and 650 cases of 12 tins of 1-gallon size each; 50 cases of 24 tins of ½-gallon size each; and 50 cases of 48 tins of ¼-gallon size each. According to the examiner's statements on the invoices, the cases containing 12 1-gallon tins were returned at 102 pounds each; those containing 24 ½-gallon tins at 105 pounds each; and those containing 48 ¼-gallon tins at 110 pounds each, making a total weight of 127,948 pounds. It was on this weight that duty was assessed.

At the trial, plaintiff offered in evidence the entry permit, on the back of which is a certificate by Michael J. Kilkelly, weigher, that the articles covered by the permit had been weighed as directed. There was also received in evidence the weigher's return, customs Form 5985–B, giving a total net weight of 126,799 pounds. The return is signed by E. B. Randall, weigher, and shows gross weights and case tare, as well as net weights.

Defendant called weigher Kilkelly as a witness and offered in evidence the dock book made by him when he weighed the instant merchandise (defendant's exhibit A). According to the dock book, test weights were taken of 20 cases of 1-gallon tins out of the 499 cases; 16 cases of 1-gallon tins out of the 650 cases; 10 cases of ½-gallon tins out of the 50 cases; and 10 cases of ¼-gallon tins out of the other

50 cases. The book shows further that a tare of 21 pounds for each case of 1-gallon tins, 19 pounds for each case of ½-gallon tins, and 19 pounds for each case of ¼-gallon tins was allowed. The witness testified that he did not actually weigh the empty cases but made an estimate of their respective weights, based on a visual examination and on his previous experience in weighing this kind of merchandise. He explained that in connection with olive oil it is the practice to take test weights of the filled cases and make an estimate of the weights of the empty cases. His figures are then given to Mr. Randall, who signs the weigher's return. According to the witness, Mr. Randall has no knowledge of any of the weights, but he knows the procedure, has been checking weight books for many years, and is able to make a correct return. The witness also stated that when an empty case is actually weighed, the case number is put in the dock book, so that when there is no number, the weight is just an estimate.

The issue here is the actual net weight of the goods, as that is the basis upon which duty is assessed. *Downing & Co.* v. *United States*, 11 Ct. Cust. Appls. 310, T. D. 39128. It is presumed that the weights officially determined by the collector and the method of weighing are correct, but the importer may rebut this presumption by showing the true weight of the merchandise. *Sears, Roebuck & Co.* v. *United States*, 3 Ct. Cust. Appls. 447, T. D. 33035; *Gertzen & Co.* v. *United States*, 12 Ct. Cust. Appls. 499, T. D. 40697.

Ordinarily, duty is assessed upon the basis of the net weight as found by the United States weigher (*Draper & Co., Inc.* v. *United States*, 28 Cust. Ct. 136, C. D. 1400; *Geo. S. Bush & Co., Inc.* v. *United States*, 30 Cust. Ct. 368, Abstract 57120; *K. Kalustyan Orient Expert Trading Corp.* v. *United States*, 32 Cust. Ct. 518, Abstract 58156), but, in the instant case, the collector apparently used the weights returned by the examiner. In order to rebut the presumption of correctness attaching to the collector's action, plaintiff has presented the United States weigher's return. This is evidence of net weights other than those used by the collector and is sufficient to establish, at least *prima facie*, that the collector's action was incorrect. *Madeira Embroidery Co.* v. *United States*, 9 Ct. Cust. Appls. 140, T. D. 37990.

The burden of going forward with the evidence then shifted to the Government. *United States* v. *Edson Keith & Co.*, 5 Ct. Cust. Appls. 82, T. D. 34128; *Hawley & Letzerich* v. *United States*, 19 C. C. P. A. (Customs) 47, T. D. 44893; *United States* v. *Magnus, Mabee & Reynard, Inc.*, 39 C. C. P. A. (Customs) 1, C. A. D. 455.

To sustain its burden, the Government introduced evidence to the effect that the weigher took test weights of the filled cases and did not actually weigh any of the cases when empty, but estimated the tare. Under the regulations then in effect, estimated tare was allowed where

it was impracticable to ascertain the actual tare, and the courts have held that when the actual tare cannot reasonably be determined, the use of the invoice tare or estimated tare is permitted. Customs Regulations of 1943, section 16.6; *Moscahlades Bros., Inc.* v. *United States*, 13 Cust. Ct. 270, Abstract 49670; *Atlas Converting Co.* v. *United States*, 26 Cust. Ct. 198, C. D. 1324; *Charles R. Allen, Inc.* v. *United States*, 27 Cust. Ct. 259, Abstract 55692.

While the collector may not be bound to accept the findings of the weighing officers, he may not make an arbitrary addition to the ascertained weights. *Zucca* v. *United States*, 10 Ct. Cust. Appls. 133, T. D. 38399; *Union Brokerage Co., Inc.* v. *United States*, 27 C. C. P. A. (Customs) 238, C. A. D. 92; *American Sugar Refining Company* v. *United States*, 19 Treas. Dec. 7, T. D. 30248. In the instant case, there is nothing to show that the weigher's return is invalid, although based on estimates, nor is there any evidence that the weights used by the collector are more accurate. In fact, the record does not show whether the latter were obtained by actual weighing or by another estimate. The presumption of correctness which attached to the collector's action cannot be regarded as having evidentiary value and cannot be weighed against the evidence produced at the trial. *Marshall Field & Co.* v. *United States*, 20 C. C. P. A. (Customs) 225, T. D. 46037; *United States* v. *Ignaz Strauss & Co., Inc.*, 37 C. C. P. A. (Customs) 48, C. A. D. 418.

On the record presented, we are of opinion that the net weights shown by the United States weigher's return should prevail. Judgment will, therefore, be entered in favor of the plaintiff, directing the collector to reliquidate the entry, assessing duty upon the basis of the net weights appearing upon the United States weigher's return, and to make refund accordingly.