**No. 60081.**—Rohner Gehrig & Co., Inc. *v.* United States, protest 242981–K (New York).

JOHNSON, Judge: In this protest, it is claimed that duty was assessed upon a quantity of merchandise in excess of that actually received.

The merchandise, consisting of micrometers of various types, was imported from Switzerland in three cases, marked TESA NEW YORK 179/1–3, one of which was sent to the appraiser's stores for examination. According to the appraiser's report and the collector's letter of transmittal, two micrometer sets, type No. 1094, were found in said case, although the packing list did not indicate that it contained any such item. Duty was assessed thereon as excess merchandise. Plaintiff claims, however, that it did not receive any merchandise in excess of that shown on the supplier's invoice.

At the trial, counsel for the plaintiff stated that the protest was in the name of Rohner & Gehrig, customhouse broker, but that it was actually filed by the Albert S. Roetheli Co. Accordingly, he asked that the records show that the protest was in the name of the Albert S. Roetheli Co. An examination of the official papers discloses a letter of protest from Rohner, Gehrig & Co., Inc., to the collector, filed June 1, 1953, with the correspondence section, and a letter in the name of the Albert S. Roetheli Co., signed and sworn to by Albert S. Roetheli, president, received in the protest section June 5, 1953. The declaration of nominal consignee on the back of the entry states that the Albert S. Roetheli Co. is the actual owner for customs purposes. It is evident, therefore, that the Albert S. Roetheli Co. is the real party in interest and may properly be substituted as party plaintiff. It is so ordered.

Albert S. Roetheli testified at the trial that he is the owner of the Albert S. Roetheli Co. and that its business is the selling of machines, tools, and instruments. He said that he was familiar with the merchandise involved herein, which he or-

dered personally. He accepted delivery of two cases at the pier and one case at the appraiser's stores and took them to his office in his car. They were in his custody en route at all times and nothing was taken from or added to the cases. Upon arrival, he opened the cases and checked the contents against a green packing list (plaintiff's collective exhibit 1). The merchandise received checked with the list and nothing in addition to that described on the list was found. The total number of micrometer sets, type No. 1094, in the 3 cases was 14, and no other micrometer sets of that type were received in connection with this shipment.

The green sheets (plaintiff's collective exhibit 1), which are on the letterhead of the Swiss manufacturer or supplier, comprise a list of the merchandise packed in cases, marked TESA NEW YORK 179. The list shows a total of 14 micrometer sets, type No. 1094, but does not indicate in which cases they were packed.

The witness stated further that, after entry, he saw the packing list which was with the invoice from the shipper; that it correctly described the merchandise he received, but did not show how it was packed. This list, which is attached to the consular invoice, shows a total of 14 micrometer sets, type No. 1094, in cases marked TESA NEW YORK 179.

Apparently, there was also a packing list for each package, but case No. 179/2, examined at the appraiser's stores, included two micrometer sets, type No. 1094, which did not appear on the list for that case. The witness explained that while that case contained two sets, not listed, the other two cases were short two sets. Those cases contained 12 sets, so that he received 14 sets altogether, which was the amount ordered.

It is well settled that the weight or quantity of merchandise actually imported must be taken as the basis for determining duties. *Marriott* v. *Brune*, 50 U. S. 619; *Gertzen & Co.* v. *United States*, 12 Ct. Cust. Appls. 499, T. D. 40697. In the instant case, plaintiff has established that the total quantity of merchandise shown on the green packing list and on the packing list accompanying the invoice agreed with the quantity received and that that amount included only 14 micrometer sets, type No. 1094. Plaintiff's claim that duty was assessed upon an excess over the amount of articles imported is sustained and judgment will be rendered directing the collector of customs to reliquidate the entry and refund all duty assessed upon a quantity of micrometer sets, type No. 1094, in excess of fourteen.