(C. D. 1873)

MILTON SNEDEKER CORPORATION *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 17, 1957)

*Barnes, Richardson & Colburn* (*E. Thomas Honey* of counsel) for the plaintiff. *George Cochran Doub*, Assistant Attorney General (*William J. Vitale*, trial attorney), for the defendant.

Before JOHNSON and DONLON, Judges

JOHNSON, Judge: These are protests, consolidated at the trial, against the collector's assessment of duty on two shipments of pitted cherries in brine, imported from Italy in 1953, at 9½ cents per pound under paragraph 737 of the Tariff Act of 1930. The rate and classification are not in issue, but it is claimed that duty was assessed upon too great a weight of merchandise.

These cases were submitted at the trial upon a stipulation of counsel, and the collector's memorandum, the weigher's return, and the report of the surveyor on customs Form 4371, in each protest. From this record, the following facts appear:

The merchandise was not weighed by the Government weigher, and liquidation was based in each case upon the net invoiced weight of 242.5 pounds per barrel. Duty was assessed in protest No. 273900–K upon a total net weight of 29,100 pounds for 120 barrels. Thereafter, 12 barrels were weighed by a public weigher, at the importer's request, and a net weight of 2,875 pounds was found. The entry was then reliquidated on the basis of the invoiced net weight of 108 barrels and on the actual net weight of 12 barrels.

Duty was assessed in protest No. 273901–K upon a total net weight of 24,250 pounds for 100 barrels. Thereafter, 10 barrels were weighed by a public weigher, at the importer's request, and a net weight of 2,370 pounds was found. The entry was then reliquidated on the basis of the invoiced net weight of 90 barrels and the actual net weight of 10 barrels.

Plaintiff claims that the entries should have been reliquidated in each case on the basis of a total net weight equal to 10 times the merchandise actually weighed; that, since the Government failed to weigh the merchandise, the test weights in each case should have been prorated over the entire shipment.

The collector's memorandum in each case states that, according to the surveyor's report, the weight found by the private weigher was not representative and should not be prorated over the entire shipment.

The weigher's report in protest No. 273900–K gives the weight of each of the 12 barrels weighed, said weights varying from 228 pounds to 245 pounds per barrel. The surveyor's report states:

* * * in the opinion of this office the test weight of 12 barrels is not representative in that it includes one at 228 net and one at 234 net whereas the balance range between 239 and 245 net.

The weigher's report in protest No. 273901–K gives the weight of each of the 10 barrels weighed, said weights varying from 231 pounds to 243 pounds per barrel. The surveyor's report states:

In the opinion of this office, the net test is not representative in that the ten barrels out of 100 range between 231 and 242 lbs. net, a condition, which when found by a government weigher, would warrant a larger test.

The invoice net weight is 110 kilos or 242.5 lbs. per barrel. While this office has had numerous opportunities in the past to investigate and test weigh protested net weights of the same commodity (where accumulation of ice has caused excesses over invoice weight, and after steaming or thawing, has found the net weight to be approximately as invoiced), it has been generally found that the invoice weight of cherries was found to be correct.

The principles to be applied in this type of case are well settled. Where ascertained, the weight or quantity of merchandise actually imported must be taken as the basis for determining duty, irrespective of the quantity or weight given in the invoice. If the collector fails to weigh the merchandise, neither the importer nor the Government is barred from establishing the true weight thereof. *Gertzen & Co.* v. *United States*, 12 Ct. Cust. Appls. 499, T. D. 40697. Where no other weights have been ascertained, and the invoice weights appear to be substantially correct, they must be accepted as the basis for the assessment of duties. *United States* v. *International Clearance Co.*, 12 Ct. Cust. Appls. 430, T. D. 40592. In the absence of material evidence to the contrary, the weights reported by customs officers are presumed to be correct, and the burden is upon the importer to show by a preponderance of the evidence that such weights are wrong. *United States* v. *Gage Bros.*, 1 Ct. Cust. Appls. 439, T. D. 31503; *Draper & Co., Inc.* v. *United States*, 28 Cust. Ct. 136, C. D. 1400.

In *Steinhardter Brothers* v. *United States*, 16 Treas. Dec. 221, T. D. 29294, the case relied upon by plaintiff, the claim was made that duty had been assessed on an excessive weight, because a proper allowance for tare had not been made. It appeared that the weigher only tested 3 cases out of 300 to ascertain tare, and he admitted that the cases varied in weight. In view of the fact that the importers had weighed 200 out of the 300 cases, it was held that the tare obtained by them should have been allowed.

In *Sun Trading Co.* v. *United States*, 3 Cust. Ct. 312, C. D. 265, the net weight was found by the collector by deducting the invoice tare and the importer weighed 1 case out of 300. The court held that the invoice tare was more acceptable than the weight of 1 case as representative of 300, without other facts relative to the 299 cases than that they appeared to be the same.

In a case involving the weight of lead ingots, not uniform in weight, it was held that the total weight was better represented by the average weight obtained by the importer in weighing 97 per centum

of the merchandise than by an average weight obtained by the Government in weighing 200 out of 39,302 ingots. *Philipp Bros., Inc.* v. *United States*, 30 Cust. Ct. 216, C. D. 1523. In a companion case, however, it was held that a total weight, computed on the basis of a test weight of 2,750 ingots out of 44,021 obtained by the importer was not more accurate than the total weight computed by the Government on the basis of a test of 50 ingots out of the total number. *Philipp Bros., Inc.* v. *United States*, 30 Cust. Ct. 449, Abstract 57315. The court pointed out that it would have been as equally probable to suppose that the plaintiff's weigher had picked at random the lighter ingots as to suppose that the Government weigher had picked at random the heavier ingots.

In the instant case, the weigher's returns show that the weight of the barrels herein was not uniform, but varied considerably. In fact, although the merchandise in both shipments was pitted cherries in brine from the same shipper with the same invoice net weight per barrel, the average test weight per barrel is not the same for the two lots, one being 239.5 pounds per barrel and the other 237 pounds per barrel. Furthermore, the surveyor has reported that the variance in weights was such as to warrant a larger test; that test weights of the same commodity have been made many times in the past; and that it has generally been found that the invoice weights were correct. In section 27.23 of the Customs Manual of 1943, as amended, it is provided that weight shall be obtained by actually weighing the merchandise, by acceptance of certified public weighers' weights, by acceptance of other weights taken after importation, or by acceptance of invoice or shipping weights, as determined by the collector. It is further provided that periodic tests shall be conducted to determine whether invoice, specification, public weighers, or other weights are adequate and reliable for customs use in specified instances. Apparently, these regulations have been followed in the instant case, and customs officials have found that the invoice weights for this commodity are adequate and reliable.

In view of the fact that the weights of the barrels are not uniform or nearly so and in view of the surveyor's reports, we find that the test weights obtained by the importer of 10 per centum of each shipment are not sufficiently representative to warrant a holding that they should be used as a basis for finding the total weights of the respective shipments. Accordingly, the protests are overruled and judgment will be rendered for the defendant.