The judgment of the United States Customs Court is, therefore, *affirmed.*

UNITED STATES *v.* HAWLEY & LETZERICH (No. 2837)[1]

---

[1] T. D. 42186.

United States Court of Customs Appeals, May 7, 1927

*Charles D. Lawrence,* Assistant Attorney General (*Thomas J. Canty,* special attorney, of counsel), for the United States.

No appearance for appellees.

[Oral argument March 15, 1927, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Nine thousand seven hundred and fifty pieces of jute bagging imported at Galveston, Tex., were classified as bagging for cotton and assessed for duty at six-tenths of 1 cent per square yard under that part of paragraph 1019 of the Tariff Act of 1922 which reads as follows:

1019. Bagging for cotton * * * composed of single yarns made of jute, jute butts, or other vegetable fiber, * * * not exceeding sixteen threads to the square inch, counting the warp and filling, and weighing not less than fifteen ounces nor more than thirty-two ounces per square yard, six-tenths of 1 cent per square yard, * * *

The importer protested that the collector assessed duty on the goods on the basis that each bolt was 45 inches wide instead of 44 inches wide, the true width of the bagging, and that duty was taken on a greater number of yards than had been actually imported.

The United States Customs Court sustained the protest and the Government appealed.

An examination of the samples discloses that the bagging is a very loosely woven textile and is composed of yarns having a diameter a little less than that of an ordinary lead pencil. After the textile is woven it is folded backward and forward lengthwise of the fabric into a 2-foot package, and with two other lengths similarly folded it is pressed into bales which are bound with eight steel bands. The pressure to which the folded fabric is subjected flattens the yarns of the weave, and according to the uncontradicted testimony, widens the bagging and shortens its length. The baling of the merchandise and the pressure to which it is subjected is done in order to reduce the tonnage cost of shipment.

Bagging for cotton is taken out of the bales after importation and put through rolls in order to make a package of convenient size for the ginner. The rolls through which the bagging passes are 44 inches wide between the two flanges. The testimony is uncontradicted that the passing of the bagging lengthwise through the rolls restores to the fabric its original width and length. Walter R.

Craig, a customs weigher at Galveston, admitted that he measured the bagging for width after it came out of the rolls and that it was then 44 inches wide. No measurement for length was made by Craig after the bagging came out of the rolls.

The evidence in the case establishes that the trade demands a width of 44 inches and that there is no demand for bagging 45 inches wide or 46 inches wide. The samples and the testimony disclose that the bagging, as it comes out of the bales varies in width and that the selvage or edge of the fabric has a wavy appearance.

Craig testified on behalf of the protestants that he measured the bagging for length and width in its condition as imported and that the goods measured 46 inches in width. The witness did not testify as to the length of the fabric and he made no report to the collector as to either the length or width thereof.

On July 31, 1925, Charles R. Fox, customs weigher and acting measurer, made the following report to the collector as to the measure of the merchandise here involved:

3,250 bales jute bagging 3 pcs. x 100 yds. x 46″. (This 3,250 bales found to measure 46″ instead of 44″ as invoiced.)

Subsequently a red-ink line was drawn through the figures 46″ found in the parentheses and for the figures so erased were substituted in red ink the figures 45″. On August 4, 1925, Fox, in red ink, amended his report as follows:

Amended 8/4/25. A careful remeasurement of this lot of 3,250 bales show width to be 45″ instead of 44″ as invoiced. C. R. Fox.

The collector reported to the Board of General Appraisers that the admeasurer returned the bagging as being 45 inches wide.

On the invoice there is a penciled notation of a number of yards which differs from the number reported. A 46-inch width and a length of 100 yards was used as the basis for calculating the number of yards penciled on the invoice.

That the goods in question were woven to a length of 100 yards and 1 or 2 inches and that the pressure to which they were submitted shortened the length to exactly 100 yards may well be doubted. But, however that may be, Fox, the acting measurer, officially reported to the collector that the bagging had a length of 100 yards. It must therefore be presumed in the absence of evidence to the contrary that Fox measured the goods and that as they came out of the bale their measured length was 100 yards.

The bagging before it was put through the rolls or calender should have been measured by the importers, and if the length thus ascertained was less than 100 yards that testimony, if uncontradicted, might have been sufficient to overcome the presumption of correctness attaching to the weigher's report. No such measurement was

made, and as no evidence was offered showing or tending to show that the merchandise was less than 100 yards in length at the time of importation, we must accept the weigher's report as conclusive.

The judgment of the United States Customs Court is not supported by the evidence and on the record as presented it must be *reversed*.