**No. 57315.**—Philipp Bros., Inc. *v.* United States, protest 171641–K (New York).

JOHNSON, Judge: This case involves the dutiable weight of an importation of lead ingots, marked "Trepca." Duty was assessed upon 44,004 ingots of such lead upon the basis of a test weight taken by the United States weigher. The plaintiff claims that the Government procured the test weight by weighing too few ingots.

At the trial, Norbert Strauss, assistant import traffic manager of plaintiff, testified that the ingots in question arrived upon the steamer S. S. *Hrvatska* on or about January 24, 1950, and that two lots of Trepca brand were sold to the National Lead Co. upon the basis of weight prior to the arrival of the vessel. The one lot, consisting of 10,463 ingots, was sold as weighing 925,260 pounds, and the other, consisting of 19,452 ingots, as weighing 1,720,172 pounds, a total of 29,915 ingots weighing 2,645,432 pounds. The witness further testified that the ingots are not in containers of any kind and that the lead ingots neither take on weight nor lose weight over a period of time.

George Sheary, employed by the Eastern Navigation Corp., supervising the loading and unloading of barges, testified that he handled the transfer of the lead ingots from the steamer *Hrvatska* to the National Lead Co., loading two boats, one with 15,021 ingots and the other with 14,894 ingots, from right over the side of the vessel. The witness counted the ingots as they were loaded upon the barges.

Peter Andersen, foreman of the National Lead Co., testified that he was a weigher and that the lead in question was unloaded on the dock of the National Lead Co. and transferred by trucks to the Bradley plant of that company four blocks away; that the unlading was under his supervision, the ingots being then counted, the total number received amounting to 29,915 ingots. The witness further testified that the ingots were weighed under his supervision on a 5,000-pound Howe floor scale, tested and inspected before the weighing commenced. The witness stated that he picked the ingots at random and weighed 2,750 ingots out of the lot of 29,915 ingots, in stacks of 50 ingots, except two lots, one for 49 and the other for 51, and that the total weight was 237,870 pounds.

Herman L. Farber, inspector of customs, testified on behalf of the Government that he weighed the ingots in this 44,004-ingot lot; that he weighed 50 ingots in drafts of 5 ingots; and that he also weighed an ingot destined for public stores and found it to weigh individually 89 pounds. The total weight the witness obtained for the 50 ingots was 4,408 pounds. The witness testified that he weighed the ingots on a 640-beam scale, which he tested personally for accuracy, and that in weighing the ingots he picked the ingots at random, taking them from "a group here, a group there, a group there."

The inspector's weight return, showing the total weight reported by the surveyor of the 44,004 ingots, plus the weight of 17 ingots found in excess of the invoice total, making 44,021 ingots, and the total number of pounds reported as 3,880,891, was moved in evidence by the Government.

It was agreed between counsel that the total weight shown upon the report was found on the basis of the average weight of the 50 ingots, weighing 4,408 pounds.

The chemist's report showing the lead content of the ingots to be 99.8 percent was admitted in evidence without objection.

The plaintiff contends that a total weight computed on the basis of a test of only 50 ingots out of a total of 44,021 would be less accurate than a computation based on a test of 2,750 ingots out of the total number. The Government contends that the plaintiff has failed to prove a more accurate weight.

In the opinion of the court, it has not been established that the method used by the plaintiff in obtaining the total weight is any more accurate than the method used by the Government. It is true that there were 2,700 more ingots weighed by the plaintiff than by the defendant, but it is also true that only a small percentage of the imported ingots was weighed by either party and that each depended upon a test weight to estimate the weight of the entire shipment. The weights found by the collector are presumed to be correct, and we do not believe that such presumption has been overcome by the evidence adduced.

In the case of *Philipp Bros., Inc.* v. *United States*, (30 Cust. Ct. 216, C. D. 1523), concurrently decided herewith, the entire shipment was actually weighed, although only 97 percent of it was accepted as established to have been weighed, but in the opinion of the court such a large percentage of the total was sufficient to establish that not only was there an absence of uniformity in the weight of the ingots, but that the court was convinced by the evidence that the shipment was not as heavy as figured by the Government weigher. In the case before us, it would have been as equally probable to suppose that the plaintiff's weigher had picked at random the lighter ingots as to suppose that the Government weigher had picked at random the heavier ingots.

For the reasons stated, judgment will be entered in favor of the Government.