**No. 57595.**—Resolute Paper Products Corp. *v.* United States, protest 201895–K (New York).

JOHNSON, Judge: This case involves the weight of 119 rolls of sulphite wrapping paper, appraised upon the basis of "Gross for Net Wght." The gross weight returned by the United States weigher was 103,846 pounds. The plaintiff claims that an error was made in the return of such weight, inasmuch as the weight list attached to the invoice showed a total weight of 98,156 pounds.

At the trial, plaintiff's representative testified that he had an invoice from the shipper which showed that the 119 rolls of paper weighed 97,685 pounds and that the plaintiff paid for the paper upon the basis of such weight. The witness admitted that his company did not weigh the paper when it was received and that, because of the company's previous experience of receiving correct weights from the exporter, the assumption of plaintiff was that the invoice figures were correct.

Counsel for the Government moved in evidence the memorandum of the collector and also a copy of the report of the assistant surveyor attached to the protest. The assistant surveyor reported that the merchandise was weighed "in 4 truckloads on government electric platform scale, resulting in a total gross weight of 103846 lbs. Weighing Inspector reports scale tested and balanced prior to weighing."

The action taken by the collector of customs in the assessment of duty, including the basis on which he had determined the duty should be assessed, is under the law presumed to be correct, and anyone challenging the correctness thereof is required not only to produce evidence tending to establish that the collector was in error but also to establish what is the correct duty or the correct basis for the assessment of duty.

In the case of *Philipp Bros., Inc.* v. *United States*, 30 Cust. Ct. 449, Abstract 57315, the dutiable weight of an importation of lead ingots was involved. The plaintiff introduced evidence of several persons who were personally familiar with

the shipment and how it was treated and transported after importation and of a weigher who figured the total weight for the importer. The Government also interrogated the United States weigher who was involved with the importation. The importer's weigher obtained an average weight of the shipment by weighing in stacks of 50 ingots a total of 2,750 ingots. The Government weigher based his computation weight on the basis of weight of the average weight of 50 ingots only. In deciding the case in favor of the Government, the court stated:

In the opinion of the court, it has not been established that the method used by the plaintiff in obtaining the total weight is any more accurate than the method used by the Government. It is true that there were 2,700 more ingots weighed by the plaintiff than by the defendant, but it is also true that only a small percentage of the imported ingots was weighed by either party and that each depended upon a test weight to estimate the weight of the entire shipment. The weights found by the collector are presumed to be correct, and we do not believe that such presumption has been overcome by the evidence adduced.

In the case now pending, the plaintiff failed to weigh the paper at all after its receipt. Clearly, the evidence falls far short of establishing the correct landed weight or that the Government erred in weighing the shipment. For the reasons stated, judgment will be entered in favor of the Government.