**No. 58525.**—Berg, Hedstrom & Co., Inc. *v.* United States, protests 224031–K and 224259–K (New York).

JOHNSON, Judge: The merchandise involved in these cases, consolidated at the trial, consists of whole milk powder imported from Sweden in July and October 1952. It is claimed that the collector followed an incorrect procedure in arriving at the dutiable weight of the merchandise and that the net weights arrived at were incorrect.

At the trial, Bengt O. Farnstrom of the plaintiff corporation appeared for the plaintiff and testified that his firm imports whole milk powder from Sweden, making entries on the basis of the supplier's invoices. He claimed that duty should have been assessed on the basis of the invoiced weights of the shipments. In support of this claim, he referred to a special certificate made by the supplier certifying the gross figures and the net figures to be the same as those on the invoices; a certificate from the Swedish Government Control Board of Dairy Products and Eggs, certifying that samples were drawn before the merchandise left Gothenburg and that the gross and net figures were the same as the invoiced and entered amounts; the consular invoices showing the same figures; and the bills of lading from the steamship company. The witness protested the assessment of duty on a greater quantity, claiming that the supplier would not have sent extra merchandise and that the steamship company would not have shipped it free. He also stated that the merchandise was shipped in airtight bags and that it would not have taken in moisture nor increased in weight during transportation.

The Government offered in evidence the official files, referring specially to the weigher's returns with respect to each entry.

It appears from the official papers that the invoiced and entered quantities and the weights certified by the surveyor of customs were as follows:

| Entry No. | Invoiced and entered weights | Certified weights |
| --- | --- | --- |
| 715242 | 201,600 pounds | 206,025 pounds |
| 707784 | 117,600 pounds | 118,650 pounds |
| 765091 | 101,024 pounds | 101,583 pounds |

Plaintiff herein relies upon the invoiced weights of the merchandise, but it is the net weight of the goods actually imported which must be taken as the basis of duties, irrespective of the weights given in the invoice. *Downing & Co.* v. *United States*, 11 Ct. Cust. Appls. 310, T. D. 39128. The method of ascertaining the weight of the merchandise and the weights officially determined by customs officials are presumed to be correct, and the burden is upon the importer to rebut this presumption by presenting evidence to the contrary. *United States* v. *Gage Bros.*, 1 Ct. Cust. Appls. 439, T. D. 31503; *Draper & Co., Inc.* v. *United States*, 28 Cust. Ct. 136, C. D. 1400; *Resolute Paper Products Corp.* v. *United States*, 31 Cust. Ct. 285, Abstract 57595.

In the instant case, plaintiff has failed to establish by means of any independent weighing of the merchandise that the net landed weight was other than that found by the Government weigher or that the manner in which the goods were weighed

was improper. The invoices, and the other documents referred to by the witness (which were not admitted into evidence) do not establish the correct *landed* weight of the merchandise, and the other statements made by the witness in support of the claim are purely speculative.

Since the presumption of correctness attaching to the collector's action has not been overcome, judgment will be rendered in favor of the Government.