BEFORE THE THIRD DIVISION

APRIL 3, 1956

**No. 59832.**—World Commerce Corp. and American Express Co. *v.* United States, protest 230672–K (New York).—

EKWALL, Judge:  Plaintiffs herein contend that the liquidation of the entry covering an importation of rayon staple fiber imported from Italy was not in accordance with the appraisement and the United States weigher's return. The goods were invoiced and entered at a value per pound. The classification of the merchandise is not in dispute. The case was submitted upon the official papers transmitted to the court by the collector. Counsel both for the plaintiffs and the Government presented their interpretations of said documentary evidence. Plaintiffs' counsel contends that the record shows the merchandise was entered at 31 cents per conditioned pound, packed, less inland freight; that the appraiser appraised it at 31 cents per net landed weight, packed, less inland freight; and that, in liquidation, the collector did not use the unit appraised value and the net landed weight.

On the back of the United States weigher's return, we find the following:

$$\frac{55006}{53349} \times \$16785.28 = \frac{16986.08}{\begin{matrix} 200.80 \\ \hline 17306.62 \\ +P\text{----} \quad 200.80 \\ \hline 17507.42 \end{matrix}}$$

Government counsel stated that he had agreed with plaintiff's counsel to explain these figures to show how the collector arrived at his result. This explanation was as follows:

Now, the liquidator took the net weight as stated on the commercial invoice, which amounts to 53,349 pounds. He divided into the gross amount of money, less packing cost and less the cost of inland freight, in order to obtain the unit value. That resulted in a unit value less than the unit value as set forth on the invoice.

Then he multiplied that by the landed weight as found by the Weigher, then he added back the cost of packing. He then multiplied the result which he just obtained by multiplying the landed weight as found by the Weigher, and adding back the cost of packing by the rate of duty to obtain the total rate of duty.

Now, if your Honor understands it, I don't. That is the situation, and that is how he got his results. That is the formula which they adopted, Mr. Carter agreed.

This explanation of the method the liquidator used is not helpful to the court, especially in view of the statement of Government counsel that he does not understand it.

The consular invoice shows the following:

|  | Invoice unit | Invoice total | Current price per unit |
|---|---|---|---|
| * * * 139 jute bales NOVATEX 10–18 den. | $ USA p. lb. | $ USA | $ USA p. lb. |
| 88/90 mm. DULL Condiz. weight Lbs. 55563_____ | 0. 31 | 17224. 53 | 0. 31 * * * |
| | Consular Invoice | 2. 50 | * * * |
| | | 17227. 03 | |
| Packing | $200. 80 | | |
| Inland freight | 238. 45 | | |
| Included_____ | $439. 25 | Goods delivered f. o. b. Genoa | |

The items of inland freight and consular invoice were checked in red ink as nondutiable.

On entry, we find that the net quantity is given as 55,563 pounds (the conditioned weight) and the total entered value as $16,986, which is arrived at by multiplying the conditioned weight by the unit of value, $0.31, and subtracting the two nondutiable items of inland freight and consular invoice from the amount of $17,227.03, given on the invoice as the total.

The weigher's return in evidence shows a gross weight arrived at by the Government weigher of 56,845 pounds and a tare of 1,839 pounds, leaving a net quantity of 55,006 pounds.

The appraiser's check appears on the summary sheet in the column headed "APPRAISED," indicating that the goods were appraised as entered. It appears to the court that the unit entered and appraised value was $0.31 per pound.

There seems to be no claim on the part of the plaintiffs that the merchandise is properly dutiable upon the conditioned weight, which was used on entry. Therefore, the court will not consider that question. The method of ascertaining the weight of merchandise and the weights officially determined by customs officials are presumed to be correct, and the burden is upon the importer to rebut this presumption by presenting evidence to the contrary. United States v. Gage Bros., 1 Ct. Cust. Appls. 439, T. D. 31503; Draper & Co., Inc. v. United States, 28 Cust. Ct. 136, C. D. 1400; Resolute Paper Products Corp. v. United States, 31 Cust. Ct. 285, Abstract 57595.

It appears to the court that the appraiser used a unit value of $0.31 per pound in arriving at his appraisement. This was not attacked by appeal for reappraisement. Therefore, the total value would seem to be represented by an amount obtained by multiplying the weigher's net weight, 55,006 pounds, by the unit value apparently found by the appraiser, which would result in a value of $17,051.86, from which should be deducted the amount of inland freight $238.45, leaving the entered value of $16,813.41, or $16,813. The collector used, in liquidation, a total value of $17,507. The reason for this action on the part of the collector is not clear to the court. It seems that at a hearing at the port of entry evidence

might have been produced by way of testimony of the Government officials as to the facts. In the absence of such testimony, the court should not be compelled to interpret figures as to the meaning of which counsel cannot agree. The case is, therefore, restored to the docket in order that satisfactory evidence may be produced upon which the court can determine the issues presented.

It is so ordered.