**No. 59976.**—Globe Marble & Granite Corp. v. United States, protests 266177–K, etc. (Boston).

JOHNSON, Judge: These are protests against the collector's assessment of duty on blocks of rough granite at 10 cents per cubic foot under paragraph 234 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802. The classification and rate of duty are not in question, but it is claimed that duty was assessed on too great a quantity of merchandise; that the sizes and weights of the blocks were as stated in the specifications and commercial invoices.

At the trial, Arthur Fray of the plaintiff corporation testified that specifications and commercial invoices are received with the shipments of granite blocks; that the specifications are made at the quarry by the quarry master; that the commercial invoices are based on the specifications; and that his firm is billed for the amounts actually shipped. However, he admitted that he did not see the merchandise involved herein and that he made no actual measurements thereof. He assumed the papers were correct, because every inch is measured abroad and no merchandise is given for nothing.

The Government introduced into evidence the official report of the inspector and his dock book in each protest herein and called two of the inspectors who made the reports.

Joseph G. Green testified that he had examined the merchandise involved in protest Nos. 266179–K, 266189–K, and 266180–K. In each case, he inspected and took correct and accurate measurements of the blocks of granite involved and recorded the measurements in his dock book. He computed the cubic feet from the measurements. He said he measured the three dimensions of each block, using the smoother surfaces, and that he worked "from the U S Customs Regulations."

Francis W. Hopkins testified that he examined the merchandise involved in protest Nos. 266177–K and 266178–K. In each case, he actually measured the blocks of granite and recorded his findings in his dock book. He said that, in taking measurements, the holes which may be in the surface are observed and taken into consideration.

Counsel for the Government stated that the inspector who measured the merchandise in protest No. 266181–K was no longer in Government service and was not available to testify. His dock book was received in evidence.

Mr. Fray compared the dock books and his invoices and specifications and stated that the former showed an inch or two more than he actually received. He said the inspectors do not take into consideration the rough surface of the merchandise and the holes; that from the viewpoint of a layman their measurements are correct; but that, from his view as a granite man, he is correct.

The rule in this class of cases is that the quantity of merchandise actually imported must be taken as the basis for determining duties, irrespective of the quantity given in the invoice. *Gertzen & Co.* v. *United States*, 12 Ct. Cust. Appls. 499, T. D. 40697. The method of ascertaining such quantity and the quantities found by customs officials are presumed to be correct, and the burden is upon the importer to rebut the presumption by presenting evidence to the contrary. *United States* v. *Hawley & Letzerich*, 15 Ct. Cust. Appls. 107, T. D. 42186; *United States* v. *Gage Bros.*, 1 Ct. Cust. Appls. 439, T. D. 31503; *Gold Hill Food Corporation et al.* v. *United States*, 34 Cust. Ct. 244, C. D. 1711.

In the instant case, plaintiff has produced no testimony showing the actual landed quantities of the merchandise, but relies on the invoiced amounts and on the claim that a granite man would have arrived at different measurements from those found by the Government inspectors, because he would have taken into consideration the holes in the merchandise and its rough surface.

It has been held that granite is dutiable upon the actual cubic quantity imported and that it is presumed that customs officials take the measurements in accordance with the methods prescribed by Government regulations. *F. M. Singer* v. *United States*, 12 Treas. Dec. 235, T. D. 27587; *J. Ruthe* v. *United States*, 13 Treas. Dec. 201, T. D. 27934. In the instant case, Inspector Green testified that he followed the customs regulations; that he found the length, width, and depth by measuring the smoother surfaces; and that the holes were not left out, but "we take a part that we think is right when we measure." Inspector Hopkins testified also that the holes were considered when taking the measurements.

Plaintiff has introduced no evidence other than his statement that a granite man would have arrived at different measurements. The testimony of the Government inspectors indicates that they took into consideration the type of merchandise involved and followed the regulations then in effect. Plaintiff has failed to establish that the method used by the inspectors was improper or was contrary to the regulations and has also failed to show by means of any independent measuring of the merchandise after importation that the landed quantities were other than those found by the inspectors. The commercial invoices and specifications referred to by Mr. Fray were not offered or admitted in evidence and could not establish the landed quantities. *Resolute Paper Products Corp.* v. *United States*, 31 Cust. Ct. 285, Abstract 57595; *Berg, Hedstrom & Co., Inc.* v. *United States*, 33 Cust. Ct. 434, Abstract 58525.

On the record presented, we find that the presumption of correctness attaching to the collector's action has not been overcome. The protests are overruled and judgment will be rendered for the defendant.